Louis O'Donnell and Others, Trading as the O'Donnell Towing and Transportation Company, Plaintiffs, *v.* The Marine Transit Corporation and Another, Defendants.

Supreme Court, New York County, October 3, 1932.

*Purdy & Purdy* [*William F. Purdy* and *J. Leo Rothschild* of counsel], for the plaintiffs.

*Single & Hill,* for defendant Globe and Rutgers Fire Insurance Company.

*Macklin, Brown, Lenahan & Spear,* for the defendant Marine Transit Corporation.

FURMAN, J. Plaintiffs in this action sue to recover from Globe and Rutgers Fire Insurance Company, defendant herein, on a certain insurance policy issued by said insurer to Marine Transit Corporation " on account of whom it may concern." The action has been discontinued as against Marine Transit Corporation. The facts of the case are as follows: The Marine Transit Corporation was engaged in the business of transporting grain and other type of cargo. In the conduct of said business it was the habit of the corporation to use barges of its own and to charter others for the purpose of carrying cargo. The barges having no means of locomotion, it was necessary for the corporation to hire tugs to tow them. The plaintiffs were the owners of tugs. During the month of October, 1925, one of the officers of said corporation informed one of the plaintiffs that his company had a cargo of grain to be shipped from Buffalo down the canal. An agreement was reached between said corporation and the plaintiffs whereby the corporation was to furnish barges to carry the grain and the plaintiffs were to furnish one of their tugs to tow the barges. Said corporation also agreed to insure the cargo with carrier's liability insurance for the benefit of the plaintiffs as well as its own, the cost of which was to be equally borne by both parties. Prior thereto and in June, 1925, defendant insurer had issued to the Marine Transit Corporation a carrier's liability policy running to said corporation " on account of whom it may concern." After the agreement between plaintiffs and the Marine Transit Corporation was made, the plaintiff's tug and the corporation's barges carrying the cargo

started on the voyage down the canal. Before the trip was completed, an accident occurred, two barges were damaged, and the cargo therein was completely destroyed. An action was commenced in the Federal court by Spencer-Kellogg Company, who owned the destroyed cargo, against the plaintiffs in this action. (See [D. C.] 22 F. [2d] 410; [C. C. A.] 26 id. 334; [C. C. A.] 34 id. 925.) The loss, amounting to $38,878.04, was paid and counsel fees in connection therewith were incurred. It has been stipulated between the parties that the counsel fees so incurred were of the reasonable value of $6,100. Incidentally this action was also brought to recover said counsel fees as well as on the policy.

The first question to be determined is whether or not the plaintiffs were insured under the policy and can claim indemnification thereunder. I am of the opinion that they were. This involves an interpretation of the phrase " for account of whom it may concern." In my opinion this phrase applies to that party or parties having an insurable interest in the subject-matter of the insurance when a loss occurs and is not confined to that party or parties interested when the insurance is taken out. In other words, it refers to the future and not necessarily to the present. It is not necessary that the plaintiffs be named in the policy. In order for the plaintiffs to come within the scope of this phrase they must necessarily have an insurable interest. The fact that they agreed with the Marine Transit Corporation to pay one-half of the cost of insurance and to share equally in the profits and lend their equipment and skill towards the consummation of the contract leads to the opinion that the transaction was a joint adventure, and that they, therefore, had an insurable interest. A reading of paragraph 9 of the rider further strengthens the conclusion that the plaintiffs were covered by the policy. It states that it covers vessels and/or barges, whether they be owned, operated and/or chartered by the assured. This certainly would seem to include plaintiffs' tug. Said abovementioned paragraph would seem, moreover, to amplify the meaning of the phrase " for account of whom it may concern." A reading of paragraph No. 24 shows clearly that it is unnecessary for the plaintiffs to be certificate holders inasmuch as it is merely optional for the assured to issue them. A construction of the wording of this paragraph would seem to place certificate holders in a separate class as distinguished from those other parties coming within the purview of the phrase " for account of whom it may concern." Paragraph No. 25 merely contemplates the inclusion of corporations, among others, and is not strictly confined to them. Therefore, the policy issued by the insurer inures to the benefit of the plaintiffs.

The next question involved is whether or not the policy taken

out by the Marine Transit Corporation can be construed for the benefit of the plaintiffs. I am of the opinion that it was for their benefit. There is no dispute that there was an agreement on the part of the Marine Transit Corporation to insure for the benefit of the plaintiffs as well as for themselves. Inasmuch as the plaintiffs had an interest in the subject of the insurance and the assured had agreed to protect them by obtaining insurance, then as a matter of law the policy taken out must be deemed to be for the benefit of the plaintiffs. In other words, an inference is created that the insurance was taken out in accord with the agreement made between the parties. The authorities are all in accord on this proposition. I am of the opinion that the plaintiffs were carriers of goods within the meaning of the policy. The plaintiffs in furnishing their tug for moving the barges were not to be considered as merely being employees. In this case the tug was a necessary incident to the barges. The contract with the cargo owners did not contemplate the transportation of the cargo by the barges alone, but the barges and tug together. The barges and tug were one agency for the purpose of carrying out the task of transporting the cargo. The contract was obviously one of affreightment.

The defendant's contention that plaintiffs already have been reimbursed for the loss and that it is entitled to credit to that extent is without merit. The defendant has based its argument on the assumption that the printed provisions of the policy control and are effective. A careful reading of the policy shows this assumption to be erroneous. There is a direct conflict and marked inconsistency between the printed portion of the policy and the typewritten rider. Paragraph No. 26 of the rider states that its terms and conditions, etc., are to be regarded as substituted for those of the policy to which they are attached when there is a conflict. I find that the terms of the rider are controlling and that the printed portion of the policy has no force and effect on this point. Paragraph No. 17 of the rider, to the effect that settlement shall be made as though no other insurance existed, and paragraph No. 21, to the effect that the policy covers 100 per cent interest, speak for themselves, and plainly show that the defendant is not entitled to any credit whatsoever.

I am of the opinion that the plaintiffs are the real parties in interest. The Merchants' and Shippers' Insurance Company by paying the loss to the plaintiffs became equitably subrogated to the rights of said assured, and could, therefore, properly maintain this action in the name of the plaintiffs. The fact that the payment was made by way of a loan further strengthens the conclusion.

The introduction of the Federal records was properly admitted into the evidence for the purpose of showing the basis of defend-

ant's liability and the damages sustained. Such record was *prima facie* evidence against the defendant. Notice was not necessary.

No counsel fees will be allowed. Defendant's liability does not encompass counsel fees.

Judgment is, therefore, rendered in favor of the plaintiffs for the sum of $38,878.04, together with interest and taxable costs.