324

## LOWERY v. CONNECTICUT FIRE INS. CO. OF HARTFORD, CONN.

### No. 360.

Circuit Court of Appeals, Second Circuit.
April 9, 1934.

Bigham, Englar, Jones & Houston, of New York City (Leonard J. Matteson and Richard F. Shaw, both of New York City, of counsel), for appellant.

William J. Mahar, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents a single question of law involving the interpretation of the contract of insurance sued upon. Lowery, the libelant, was the owner of the canal steamer Frank A. Lowery and several barges. For the Barge Canal season of 1932, the steamer and her consort barges were under charter at a per diem rate of hire to Hedger Transportation Company, Inc., by the terms of which charter the owner was to pay wages of the crew and provide provisions and necessary supplies for operation of the steamer and barges as a unit, and the charterer was to obtain insurance to cover legal liability of the owner and of the steamer and her consorts. In the latter part of April, 1932, a cargo of grain was laden upon the barges for shipment from Buffalo to New York under a charter party in the usual canal form executed between Hedger Transportation Company and the owner of the cargo, Norris Grain Company. In the course of the voyage, one of the barges struck a bridge abutment in the canal and sank, causing a total loss of her cargo. For such loss the owner of the grain filed a libel in personam against Hedger Transportation Company (which neither appeared nor made answer) and in rem against the steamer F. A. Lowery, and a decree was entered finding the steamer solely at fault and awarding damages against her. This decree Lowery settled for $9,000, incurring in defense of the suit a reasonable counsel fee of $570. His present libel seeks to recover this loss of $9,570 from the insurance company, and the latter's defense is a denial that Lowery's liability for loss of the cargo was within the coverage of its policy.

The policy in suit insures "W. E. Hedger Company Incorporated and/or Hedger Transportation Company, Incorporated, For account of whom it may concern; Loss, if any, payable to the Assured or the holders of certificates of insurance issued hereunder." It was an open policy covering cargo and/or legal liability at the assured's election, with a different rate of premium specified for each and for the combination of both. On April 28, 1932, Hedger Transportation Company filed with the insurance company's agents a declaration that under the open policy it desired insurance "for Account of Whom it may concern. Loss Payable to Assured or order on Carrier's Legal Liability on account of cargoes of wheat, Buffalo to New York," on named barges. The premium paid was for legal liability coverage only. Most of the clauses in the policy relate to cargo insurance; two clauses only refer to legal liability.

Clause 28 reads: "This policy also to cover the legal liability of the Assured as owners, operators, charterers, carriers, wharfingers, forwarders, freighters, etc., howsoever arising as to all cargoes at any time at the risk of the Assured, transported and/or intended to be transported between any of the points or places heretofore described in Paragraph 7 and the dates set forth in paragraph

9 hereof. The assured agrees to report all cargo carried between the aforesaid places to the company and pay the premium for this coverage as to all such cargo. The company admits the seaworthiness of all vessels as between the assured and the company as to the legal liability coverage and the company further agrees that this legal liability coverage shall include all attorneys fees and legal costs arising from the defense of any liability so incurred by the Assured hereunder. The company shall not be liable for any loss with respect to legal liability, unless the loss amounts to Twenty-five ($25.00) Dollars, each shipment separately insured."

Clause 36 is as follows: "Wherever in this contract the term 'assured' is used, it shall be deemed to mean and to refer to and include in addition to the named assured, the owners of the above described cargoes, where such cargoes are insured hereunder, in the same manner as though this policy were specifically issued to such owner or to the legal holder of certificates issued under and by virtue hereof. Where the insurance herein is only against the legal liability of the named insured the term 'assured' shall be deemed to mean and to refer to and include the corporation or corporations named herein as parties hereto."

The District Court held the words in clause 1, "For account of whom it may concern," applied to legal liability coverage as well as to insurance on cargo, and so expanded that coverage as to include Lowery's legal liability and make him an assured. The correctness of that construction is challenged by this appeal.

The risk on this particular shipment was confined by the declaration and premium to legal liability. There was no insurance of the cargo; had there been, Lowery would doubtless have been protected. The John Russell (Canadian Co-op. Wheat Producers v. Barge John Russell), 68 F.(2d) 901 (C. C. A. 2). In order to be covered by a policy issued for the account of whom it may concern, it must appear that the person claiming the benefit of the insurance has an insurable interest in the subject-matter covered by the insurance. See Hooper v. Robinson, 98 U. S. 528, 25 L. Ed. 219; Hagan v. Scottish Union & Nat. Ins. Co., 186 U. S. 423, 430, 22 S. Ct. 862, 46 L. Ed. 1229. Lowery had no insurable interest in Hedger's legal liability as carrier; hence, if that was the subject-matter of the insurance, Lowery was not protected by the phrase "for whom it may concern." Indeed, Hedger's legal liability to

the cargo owner has never been adjudicated. The legal liability Lowery is asserting to have been insured is not Hedger's, but his own. That might have been insured either by himself or by Hedger, and the latter was, indeed, under a contractual duty by charter to obtain insurance covering Lowery's legal liability. But the question is whether the policy Hedger obtained did cover it. We think it cannot be so construed. Clause 28 covers "legal liability of the Assured as owners, operators, charterers, carriers," etc. Clause 36 defines who is meant by "the assured." The first sentence thereof declares that the term includes cargo owners in case cargo is insured under the policy; the second sentence declares that, in case of legal liability coverage, "the term 'assured' shall be deemed to mean and to refer to and include the corporation or corporations named herein as parties hereto"; that is, the two Hedger corporations. This clause would be wholly futile unless it was intended to confine legal liability coverage to the named corporations. By so confining it and by limiting the words "for whom it may concern" to cargo coverage, both clauses are given a legitimate purpose and meaning. To extend the "for whom" clause so as to include Lowery as well as the Hedger corporations in effect leaves out of the policy clause 36. All the terms of a contract must, if possible, be harmonized and given effect. Ætna Ins. Co. v. Sacramento-Stockton S. S. Co., 273 F. 55, 58 (C. C. A. 9).

At the argument O'Donnell v. Marine Transit Corporation, 146 Misc. 502, 261 N. Y. S. 588, affirmed by the Appellate Division in 240 App. Div. 840, 266 N. Y. S. 982, was relied upon as sustaining the construction contended for by the libelant. Subsequently, however, the decision was reversed by the Court of Appeals, 264 N. Y. 101, 190 N. E. 165, on grounds which make it inapplicable, Judge Pound's opinion stating that "We may assume, without deciding, that the policy in suit, covering Marine Transit Company, 'on account of whom it may concern,' covers and was intended to cover the plaintiffs." Even this assumption is not persuasive in the case at bar, for it does not appear that the policy there in suit contained a clause identical with the above-quoted clause 36.

It is true that it was the intention of Hedger to cover the legal liability of Lowery as owner of the steamer and her consort barges, but the declaration of April 28th did not extend the insurance to a new subject-matter not included within the terms of the open policy. See Arnold v. Pac. Mut. Ins. Co., 78 N.

Y. 7, 14. Nor did the insurance of Hedger's legal liability "as charterer" cause the insurer to become surety for the performance by Hedger of its contractual obligation to obtain insurance for Lowery. Indeed, no such contention has been made.

For the foregoing reasons, we conclude that Lowery's legal liability to Norris Grain Company for loss of its grain was not insured by the appellant, and the decree against it must be reversed and the libel dismissed. It is so ordered.