## MIAMI JOCKEY CLUB v. UNION ASSUR. SOC., Limited.

### No. 8005.

Circuit Court of Appeals, Fifth Circuit.

March 21, 1936.

James A. Dixon, of Miami, Fla., for appellant.

Herbert S. Sawyer, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Miami Jockey Club, a corporation, sued Union Assurance Society, Limited, on a policy of insurance taken out by Rolfe Armored Truck Service, Inc. Pleas were filed, and, on demurrer to them, the demurrer was visited on the declaration, and the court, holding that it failed to state a cause of action, dismissed the suit. This appeal resulted.

In the opinion filed, the District Judge holds that the policy was not one insuring property, but insuring the Rolfe Armored Truck Service, Inc., against its legal liability as carrier for loss or damage to property carried by it, and that Miami Jockey Club could not recover on it as the owner of property carried, although the policy reads, "For account of whom it may concern." The declaration alleges in brief that Miami Jockey Club was having money transported for it by Rolfe Armored Truck Service, Inc., and that the policy was taken out to protect plaintiff and others; that a bag of money containing $6,753.80 was delivered into the care of the carrier for carriage to a bank in Miami, but was not delivered to the bank nor returned to the plaintiff, and though sufficient time had elapsed for performance, the carrier has not made good to plaintiff its loss and damage of $6,753.80, but refuses to do so. A photostat of the policy is made part of the declaration, and shows that it consists of a printed skeleton with a typewritten form attached, which form makes the body of the contract. The printed blank as filled in with typewriter, the typewriting being here italicized, reads: "Union Assurance Society, Ltd., Marine Agency 60 Beaver Street, New York, By this policy of insurance does insure *Rolfe Armored Truck Service, Inc., Miami, Florida,* For Account of *whom it may concern,* Loss if any payable to *assured or order,* To the amount of *One Million* Dollars At and from *Sept. 15, 1934,* to *Sept. 14, 1935, both days inclusive,* On *as per form attached,* Subject to conditions of form attached hereto."

Both the subject and the conditions of the insurance must therefore be found in

the typewritten form. It reads, so far as material, thus:

"1. On bullion, gold, silver and platinum, coin and paper money. * * * 3. While being transported by armored motor cars owned and operated by the assured. * * * 4. It is understood that the risk hereunder is to attach from the time that the property is delivered into the assured's care and their responsibility commences, until such time as a receipt for delivery signed by the consignee has been given to the assured; or in the event of nondelivery until returned to the consignor. 5. It is the intent of this policy to cover the legal liability of assured, whether as common or private carrier and whether assumed by contract or otherwise, for loss of or damage to property as described in paragraph 1 from any cause whatsoever, including any act or omission of any employee of the assured. 6. In case of loss, such loss to be paid within fifteen days after proof of loss and in case of loss or misfortune it shall be lawful and necessary to and for the assured to sue, labor and travel in and about the defense, safeguard and recovery of the property without prejudice to this insurance at the expense of this Company. * * * 8. In case of loss this Company shall not be liable for any greater sum than the market value of property lost or damaged on the date of loss. 9. It is understood and agreed that in the event it becomes necessary in case of emergency for the assured to hire a taxicab, truck or other conveyance in order to complete a delivery of insured property, this policy shall cover the latter while being transported in such conveyance, it being understood that the crew of assured's own car will be transferred to the hired vehicle."

It will be seen that aside from paragraph 5 there is nowhere any statement of what hazard is insured against—whether fire, storm, theft, or loss. It may be, as plaintiff contends, that an insurance on property where no risk is stated would cover everything that could injure the property, but such is not this case. Paragraph 5 very explicitly states that it is the intent of the policy to cover the legal liability of the named assured, whether as a common or private carrier, for loss or damage to such property as is mentioned in paragraph 1. We are not at liberty to suppose that the policy is intended to cover some other and additional risk. That paragraph 6 authorizes the assured in case of loss or misfortune to sue, labor, and travel for the defense, safeguard, and recovery of the property at the expense of the company does not compel the conclusion that the property itself is insured, because it is just as much to the interest of the company that the property be defended or recovered when the liability of the carrier for its loss is insured as when the property itself is. The provision is as much appropriate to the one risk as to the other. Paragraph 8 as to a change of vehicle in emergency speaks of the "insured property," but we think this a short form for the fuller expression "property liability for whose loss or damage is insured." The object of paragraph 8 is not to define the insurance but to extend it to a case of emergency, and a loose expression therein does not change the risk formally defined by the policy.

■ We are of opinion that the plaintiff, a shipper, is entitled to enforce the policy in its own name if the carrier has become liable to it for loss or damage to shipper's goods within the policy provisions. Had the insurance read to the carrier alone, the contrary would be true, as we held in Michel v. American Fire & Casualty Company, 82 F.(2d) 583. But here, not by any inadvertence in the use of a printed form, but by typewritten insertion in it, the insurance is plainly made for the account of "whom it may concern." It assuredly concerns those whose goods have been lost or damaged in the carrier's hands. The effect of the words is to impose upon the insurance what for want of a better term we may call a trust for the benefit of the owners of such property. It is true that by like typewriting the loss is made "payable to assured or order," a provision which would protect the insurer in paying a loss accordingly. But the trust would still adhere to what was paid, and a collection by the assured would render him accountable to others who were concerned. Though unnamed, they also are beneficiaries of the insurance. Home Ins. Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868; Hooper v. Robinson, 98 U.S. 528, 25 L.Ed. 219; Hagan v. Scottish Union & Nat. Ins. Co., 186 U.S. 423, 22 S.Ct. 862, 46 L.Ed. 1229. In Florida there is no question whether the as-

sured as nominal plaintiff should sue for the use of the person concerned because a statute authorizes the real party in interest to sue. Comp.Gen.Laws § 4201; Insurance Co. of North America v. Forcheimer, 86 Ala. 541, 5 So. 870. And see Sorenson v. Boston Ins. Co. (C.C.A.) 20 F.(2d) 640. Lowery v. Connecticut Fire Ins. Co. (C.C.A.) 70 F.(2d) 324, does not hold that a shipper may not enforce an insurance of a named carrier's liability for account of whom it may concern, but only that the liability of some other person as carrier was not covered under the restrictive language there used.

While the District Judge erred in holding that the plaintiff could not sue on the policy, his judgment dismissing the suit was right for a reason not urged below, to wit, that the declaration fails to allege a liability for loss or damage to the property in the hands of the carrier. It sets up facts which may render the carrier liable as for a breach of contract or perhaps in tort for a breach of duty, but there is no allegation that the property has been lost or damaged. It may be that the carrier, although it has not delivered the money to consignee or consignor, has it in its custody still; it having been neither lost nor damaged. The insurance is not of every liability of the carrier, but only that for loss of or damage to the property. This defect in the declaration, though not noticed in the court below, renders it insufficient to state a cause of action on the policy, and it is the duty of the appellate court to notice it and dispose of the case accordingly. Sylvester v. Lichtenstein, 61 Fla. 441, 55 So. 282. But, had the point been taken in the District Court, there might have been an amendment rectifying it. We therefore affirm the judgment, but without prejudice to a better suit.

Judgment affirmed.

HUTCHESON, Circuit Judge (specially concurring).

I agree with the majority that the policy insured, not against loss or damage to property, but against legal liability for its loss or damage. I agree with them, too, that plaintiff's declaration contains no allegation that the property has been lost or damaged, and therefore fails "to allege a legal liability for loss or damage to property while in the hands of the carrier." I therefore concur in affirming the judgment. I also concur in affirming it without prejudice to a better suit.

I do not, however, concur with what is said in the opinion as to the right of plaintiff to enforce the policy in its own name if the carrier has become liable to it for loss or damage within the policy provisions. This point was not at all argued before us. Appellant did not make this claim. Its insistence was that the subject-matter covered by the policy sued on was property, and that as the owner of the property it had the right, under the "For whom it may concern" clause, to sue. The majority now say that, though not loss of property but legal liability for its loss was the subject-matter covered by the insurance, that clause enables plaintiff to sue.

I understand the general rule to be: "In order to be covered by a policy issued for the account of whom it may concern, it must appear that the person claiming the benefit of the insurance has an insurable interest in the subject-matter covered by the insurance." Lowery v. Conn. Fire Ins. Co. (C.C.A.) 70 F.(2d) 324, 325.

I am unwilling, where, as here, it is not necessary to do so, without having heard argument on the point and a more careful consideration of it than I have unaided been able to give, to decide that one situated as plaintiff is has an insurable interest in the legal liability of the carrier for loss or damage.

I therefore concur in the result, neither concurring nor dissenting on this point, reserving my opinion on it until it comes before us in a way requiring decision.