HERALD NATHAN PRESS, INC., Plaintiff, *v.* FERNAND BOURGES, Doing Business under the Trade Name and Style of COLOR PHOTOGRAPHIC SERVICE, Defendant.

City Court of New York, Special Term, New York County, October 29, 1936.

*Max J. Gwertzman,* for the plaintiff.

*Spiro & Felstiner,* for the defendant.

NOONAN, J. Defendant on this motion asks for the examination of the plaintiff as to a separate defense set up in the amended answer.

The complaint alleges that the plaintiff as a tenant occupied a part of the fourteenth floor in the building No. 460–478 West Thirty-fourth street, New York city, and that the defendant was a tenant of a part of the fifteenth floor in the same building, and that on the 21st day of May, 1934, the defendant, or his servants, agents or employees, negligently used an acetylene blow torch which caused a fire to ensue with resultant fire and water damage to the plaintiff's merchandise in the sum of $2,600.

The separate defense alleges upon information and belief that the plaintiff carried fire insurance policies with the Hartford Fire Insurance Company and with the National Liberty Insurance Company and filed proofs of claim with said companies as to the alleged loss of merchandise with the result that the insurance companies paid the plaintiff the amount of its loss.. It is further alleged upon information and belief that by the said payments the insurance companies indemnified the plaintiff in full for the damages claimed and that the insurance policies contained subrogation clauses by virtue of which the insurance companies became subrogated to the rights and claim of the assured, upon payment to it of the loss or damage sustained. It is finally set forth in the separate defense that at the time the insurance companies made the said payments to the plaintiff they became the owners of the alleged claim of the plaintiff against the defendant and that the plaintiff is, therefore, not the owner of the claim and the real party in interest.

Based upon this separate defense the defendant seeks an examination of the plaintiff before trial, *first*, as to whether the plaintiff at the time of the alleged loss was insured by the companies mentioned as to said loss and if so, the amount and full description of each policy; *second*, whether the plaintiff filed proofs of claim on said policies and if so, the amount of the alleged loss set forth in such proofs of claim with copies; or a full description of each proof of loss; *third*, whether the plaintiff and the insurance companies agreed upon the amount of damage sustained by the plaintiff as the result of the fire; *fourth*, the date when such proofs of claim were filed with each of the companies; *fifth*, whether the insurance companies approved the claim as filed in whole or in part and if they did approve them, to what amount each company accepted and approved such claims and the date of such acceptance and approval; *sixth*, what amount the plaintiff received from each of

the said insurance companies since the date of the filing of each of said claims, the date each amount was received and the form in which each amount was received by plaintiff; *seventh*, whether the plaintiff by receipt of the said moneys from the insurance companies or either of them was fully compensated for the alleged loss and damage; *eighth*, whether the insurance company or companies paid to the plaintiff a sum equal to the amount of the claim asserted by the plaintiff against this defendant.

Defendant also as a part of the desired examination requests the production of books, papers and records.

Plaintiff contests the defendant's right to the examination on the ground that the separate defense is unsound in law.

It is to be observed that the separate defense under attack is set forth upon the information and belief of the defendant. The action is one in negligence. The separate defense in question does not allege that the insurance companies paid the amount of the loss to the plaintiff prior to the commencement of the action. It is settled that the devolution or transfer of a claim or cause of action by assignment or otherwise subsequent to the commencement of the action does not prevent the transferor from continuing the action in his own name for the benefit of the transferee or assignee. (Civ. Prac. Act, § 83; *Betts* v. *DeSelding*, 81 App. Div. 161; *Rothbarth* v. *Herzfeld*, 159 id. 732; *Fulton Auto Exchange, Inc.*, v. *Salitsky*, 278 N. Y. Supp. 980; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166, 177.)

Nor are there any allegations in the separate defense that the insurance companies became the assignees of the claims. It is merely alleged on information and belief that the insurance companies paid the loss and became equitably entitled by the right of subrogation to the claim of the plaintiff. It has been held in numerous cases that the payment of the insurance by an indemnifier is no defense to the wrongdoer against a claim by the injured party. (*Mayor, etc., of New York* v. *Pentz*, 24 Wend. 668; *Merrick* v. *Brainard*, 38 Barb. 574; affd., 34 N. Y. 208; *Carpenter* v. *Eastern Transportation Co.*, 67 Barb. 570; affd., 71 N. Y. 574; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 id. 26, 32; *Kellogg* v. *N. Y. C. & Hudson R. R. R. Co.*, 79 id. 72; *Drinkwater* v. *Dinsmore*, 80 id. 390; *Collins* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 503; affd., 71 N. Y. 609; *Lassell* v. *City of Gloversville*, 217 App. Div. 323; *Carney* v. *Morrison*, 223 id. 244; *Lynn* v. *Hewit Pharmacies, Inc.*, 234 id. 805; *Gusikoff* v. *Republic Storage Co., Inc.*, 241 id. 889; *Brewster* v. *Silverstein*, 133 N. Y. Supp. 473; *O'Donnell* v. *Marine Transit Corp.*, 146 Misc. 502; affd., 240 App. Div. 840; reversed on other grounds, 264 N. Y. 101; *Zimmerman* v. *Daniels*, App. Term, 1st Dept., N. Y. L. J. Jan. 12, 1933, p. 225.)

In *Carpenter* v. *Eastern Transportation Co.* (71 N. Y. 574, 579) the court said: " We find no error in the charge, and the only remaining exceptions relate to rulings upon testimony. Of these there were several, which have been urged on the argument. *First.* To the refusal of the judge to allow defendant to show that plaintiff was insured and had received the amount of his loss from the insurance company. This ruling was correct."

In *Kellogg* v. *N. Y. C. & H. R. R. R. Co.* (*supra*, p. 77) it was said: " The proof offered to show that the life of the deceased was insured was properly rejected."

In *Drinkwater* v. *Dinsmore* (*supra*, p. 392) it was declared: " It has been held that one sued for causing an injury to another or the death of another, cannot show a life or accident insurance in mitigation of damages. * * * And so where one has been sued for causing the destruction of personal property insured, he cannot show the insurance in mitigation. In such cases, proof of the insurance actually paid would not tend to show that the damage claimed was not actually occasioned by the wrongdoer; but it would simply show that compensation had been received by the injured party in whole or in part from some other person — not that the wrongdoer had made satisfaction which alone could give him a defense."

In *Gusikoff* v. *Republic Storage Co., Inc.* (*supra*), it was written: " It is not a defense on the merits in favor of the one who caused the loss that the plaintiff received compensation from an insurance company or from a third party, and that rule applies to cases in contract as well as in tort."

One who has an equitable right to an action may sue in his own name, if he so desires, or the legal owner may sue for the benefit of the one who has the equitable title (Civ. Prac. Act, § 210; *Hubbell* v. *Medbury*, 53 N. Y. 98; *Townsend* v. *Whitney*, 75 id. 425.) In *Lord & Taylor* v. *Yale & Towne Mfg. Co.* (230 N. Y. 132), relied upon by the defendant, the insurance company was joined as a party plaintiff with the insured. The court there said (p. 141): " The practice of joining the insured as a plaintiff when it retains no interest in the subject-matter of the action is not to be commended. Defendant's motion to dismiss the complaint as to the plaintiff Lord & Taylor, Inc., should have been granted." In that case it appeared that the Travelers Insurance Company had paid the claim and was in consequence the owner of it by subrogation and there was, therefore, no reason to join the insured with it in the case as a party plaintiff. If there is a transfer by assignment to the insurance company of the legal as well as the beneficial ownership of the claim, a defense based upon such facts is good.

In *Reddington* v. *Elco Merchandizing Corp., Inc.* (236 App. Div. 64), the affirmative defense alleged " That the plaintiff is not the proper party in interest herein, the plaintiff having parted with his interest in this case by virtue of a subrogation release and assignment duly executed and delivered to the Ætna Insurance Company, Inc." On a motion to strike out this defense, the court allowed it to remain in the amended answer on the ground that the allegation of an assignment of the cause of action caused a complete divestiture of both the legal and beneficial ownership.

In the case at bar the separate defense did not allege an assignment but only the right to a subrogation on the part of the insurance companies. The right to subrogation does not mean that the insurance companies have become the assignees of the claim. Upon payment of the entire loss to its insured, the insurance company becomes the equitable owner of whatever proceeds the insured may recover in an action against the wrongdoer. As such equitable owner it may sue the wrongdoer, or it may allow the legal owner to sue for its benefit, the legal owner thereby becoming a trustee of the proceeds recovered. To allow an examination as to the defense interposed, unless there be clear warrant for the same, would result in prejudice upon the trial. To show upon a trial that a party has been insured is an immediate cause of a mistrial. (*Akin* v. *Lee*, 206 N. Y. 20; *Dietz* v. *Dinkel*, 230 App. Div. 699.)

For the reasons stated, the motion is denied.