### EBER BROS. WINE & LIQUOR CORPORATION v. FIREMEN'S INS. CO. OF NEWARK et al.

District Court, S. D. New York.
Nov. 16, 1939.

Max J. Gwertzman, of New York City, for plaintiff.

Hill, Rivkins & Middleton, of New York City (Barton P. Ferris, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

This is a motion to strike the third and fourth defenses from the answers of both defendants as being insufficient in law.

The third defense alleges, in substance, that the action is barred by virtue of a provision in the policy of insurance that all actions on the policy must be commenced within 12 months next after the happening of the loss.

The fourth defense alleges, in substance, that the plaintiff is not the real party in interest in that the action is being maintained for and on behalf of Great American Insurance Co.; that the plaintiff was paid for its alleged loss by that company, hence the action is being maintained by a party other than the injured party, in violation of Section 109 of the Insurance Law of the State of New York, Consol.Laws, c. 28.

The plaintiff recovered a judgment against Truck Container, Inc. for the loss of a cargo of liquor. The judgment proved to be uncollectible and subsequently this action was commenced against the defendant, Firemen's Insurance Co. of Newark, the insurer of Truck Container, Inc., and another, pursuant to Section 109 of the Insurance Law.

It is the theory of the defendants that this action is barred because the cargo loss took place on March 29, 1938, the date of the accident and this action was instituted 15 months and 10 days after such loss. The judgment against Truck Container, Inc., was returned unsatisfied June 26, 1939, and this present action was instituted July 9, 1939.

A careful consideration of Subds. 1 and 4 of Section 109 of the Insurance Law, as well as the cases which have construed these provisions leave the court with the impression that the third defense is insufficient in law and should be stricken out.

Section 109 specifically states what a policy of insurance shall contain in order for the same to be valid. It says in part: "* * * unless there shall be contained within such policy a provision * * * and a provision stating that in case judgment against the insured * * * shall remain unsatisfied at the expiration of thirty days from the date of service of notice of entry of judgment upon the attorney for the insured, and upon the insurer, then an action may be maintained by the injured person * * * against the insurer under the terms of the policy * * *".

It is submitted that generally policies of insurance contain a provision substantially like the one above. However, the policy of insurance at bar does not contain such provision, but merely sets forth a limitation period of one year within which to commence suit from the date of loss. The one year statute of limitations has been held to be valid. Brandyce v. Globe & Rutgers Ins. Co., 252 N.Y. 69, 168 N.E. 832.

The next question to determine therefore is when shall this limitation period start to run? Shall it commence from the date of loss (March 29, 1938), as provided for in the policy of insurance or from the date of the recovery of the judgment (June 9, 1939), as provided for in Section 109?

Subdivision 4 of Section 109 says: "A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section, and when any provision in such policy or rider is in conflict with the provisions required to be contained by this section, the rights, duties and obligations of the insurer, the policyholder and the injured person shall be governed by the provisions of this section".

Since there is a conflict between the provisions in the policy and Section 109, the court holds that the rights, duties and obligations of the insurer, and the injured person and the policy holder should be governed by the provisions of Section 109. See Koury v. Providence-Washington Insurance Co., 50 R.I. 118, 145 A. 448. To sustain the defendant in its position would render the effect of Section 109 nugatory

by the mere insertion of such clauses as found in the policy at bar.

It was held in Travellers' Insurance Co. v. Russo, 155 Misc. 589, 280 N.Y.S. 99, that the terms of an automobile policy which violates Section 109 or limits the free force and effect thereof are illegal and unenforceable, but the policy will be held valid and deemed to include provisions required by the section. The court holds therefore that the statute of limitations began to run from the date of the judgment, irrespective of the conditions of the policy and this action is timely.

The objections raised by the plaintiff to the fourth defense are found to be equally sound. It appears that the Great American Insurance Company, the plaintiff's insurer, loaned to the plaintiff a sum of money as an advance pending the outcome of this action against the defendants herein (loan agreement attached to moving papers). The defendant claims in its defense, that the Great American Insurance Company is the real party in interest and this action therefor cannot be maintained in the name of the present plaintiff. The form of agreement entered into between the plaintiff and its insurer has apparently met with the approval of the courts which have held that insurance companies, by executing such agreements, have not thereby become subrogated to the rights of the plaintiff, and that the execution of loan receipts does not result in a defect in party plaintiff and the action need not be brought in the name of the insurance company.

Cases to this effect are: Adler v. Bush Terminal Co., 161 Misc. 509, 291 N.Y.S. 435, affirmed 250 App.Div. 730, 294 N.Y.S. 726; Herald Nathan Press v. Bourges, 161 Misc. 208, 291 N.Y.S. 650; Berth Levi & Co. Inc. v. Buel, Special I, Kings County, Per McLaughlin, J., N.Y.L.J. Mar. 12, 1937.[1] See also Ellis Coat Co. v. U. S. Fire Ins. Co., City Court, Byrnes, J., N.Y. L.J. June 23, 1938,[2] which specifically embraces a situation pursuant to Section 109 of the Insurance Law. The cases cited by the defendant in support of the fourth defense are inapplicable in that they do not deal with loan agreements such as the one at bar.

The motion to strike the third and fourth defenses is granted.

---

[1] 251 App.Div. 712, 296 N.Y.S. 1010.   [2] 169 Misc. 1050, 9 N.Y.S.2d 453.