ALBERT ZAMOCHNICK, Doing Business under the Name of I. & Z. JEWELRY MFG. Co., Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Supreme Court, Special Term, Kings County, February 25, 1948.

*Rein, Mound & Cotton* for plaintiff.

*Frederick L. Wheeler* for defendant.

RUBENSTEIN, J. Motion under rule 103 of the Rules of Civil Practice to strike out a defense that plaintiff herein was paid in full for his alleged loss by an insurance company which thereby became subrogated to plaintiff's rights in the premises, and that plaintiff is not the real party in interest entitled to prosecute the action.

Plaintiff seeks to recover $60,000 for his asserted loss under a contract of bailment. The moving affidavit recites that plaintiff had insurance coverage on the loss but only to the extent of $25,000 and that such a sum was received by him from the insurance company; that "In view of the fact that my loss was more than twice the amount of the insurance coverage, I proceeded to institute suit against the defendant and did not await the completion of the adjustment with the insurance company. This action was taken on my part with the knowledge and approval of the insurance company, pursuant to an understanding that I would account to them for their interest in the recovery which might arise subsequently."

Plaintiff further states that

"On or about December 1, 1947, a week after the suit was instituted, I received the Company's draft for the sum of Twenty-five Thousand Dollars ($25,000), together with a confirmation of the understanding, in accordance with the following quotation from a letter which accompanied the draft:

"'This confirms our understanding that, to the extent of our interest in the recovery against the New York Central Railroad Company or any other person who may be liable, you are to act as trustee in our behalf * * *.'

"I am informed by my attorneys and verily believe that, in addition to the fact that no funds were turned over to me by the insurance company prior to the institution of suit, my right to prosecute this action is further supported by the fact that the money received from the insurance company was only a portion of the loss, and by the further fact that the agreement between the insurance company and myself constitutes me a trustee of an express trust."

As is pointed out above, the challenged defense alleges that the loss was paid in full by an insurance company which thereby

became subrogated to plaintiff's rights. To factually sustain this defense defendant's attorney alleges: '' The Court of Appeals of this State has held that a ' loan receipt ' does not disqualify a party, as the real party in interest, from prosecuting an action to recover for such loss. However, whether the document in question is a loan receipt is a question of fact for the Court and jury. Until such time as the facts are established the Court should deny the motion.''

Apparently defendant predicates its defense upon the claimed assertion that the agreement between the plaintiff and the insurance company, and quoted above, is a '' loan receipt ''. A mere reading of such agreement, however, clearly discloses that it cannot possibly be construed as a '' loan receipt ''. The affidavits show that the understanding between the plaintiff and the insurance company is that plaintiff is to act as trustee for the insurance company to the extent of its interest of $25,000. Apart from the statement in defendant's affidavit that a question of fact exists as to whether the agreement in question is a '' loan receipt '', defendant does not submit one iota of evidence to substantiate its defense. Furthermore, there is nothing in plaintiff's version of the facts which strains the credulity of the court; nor may any inference be drawn therefrom that the transaction between the plaintiff and the insurance company is other than as alleged by the plaintiff.

Even assuming, however, that the insurance company did pay plaintiff's loss in full, such payment was made subsequent to the commencement of the present action and consequently plaintiff has the right to continue the action in his own name. Section 83 of the Civil Practice Act expressly permits the original plaintiff to continue an action under such circumstances, unless the court otherwise directs. (*Betts* v. *De Selding,* 81 App. Div. 161; *Fulton Auto Exchange, Inc.,* v. *Salitsky,* 155 Misc. 696; *Herald Nathan Press, Inc.,* v. *Bourges,* 161 Misc. 208.)

Here the affidavits show that plaintiff did not receive the full amount of his loss from the insurance company but only a part thereof. It is well-established law that where money received from an insurance company is only a part of the claim against the third party, there is no transfer of title from the assured to the company. Plaintiff, therefore, is the real party in interest and the only person who can prosecute the action against the defendant for the full amount of the loss (*Henderson* v. *Park Central Motor Service, Inc.,* 138 Misc. 183; *Par-X Uniform Serv. Corp.* v. *Emigrant Ind. Sav. Bank,* 268 App. Div. 699).

In view of the foregoing I am of the opinion that plaintiff has established a clear prima facie case that he is the real party in interest and that the defense is a mere pretense and without color of fact.

Plaintiff's motion to strike out the defense as sham is granted.