OPINION OF THE COURT
Leo F. Hayes, J.
The defendant at one time issued an automobile liability policy of insurance to one Arnold Smith, but later sought to cancel such coverage due to nonpayment of premiums. Several months later Arnold Smith ran into the auto of plaintiff’s assured, Barbara Swan. According to the complaint, Smith was intoxicated and solely responsible for the accident.
When informed of the accident, agents of the defendant refused to defend or to pay based on the alleged prior cancellation of insurance.
Plaintiff, having been informed that the defendant had canceled Smith’s insurance, proceeded to pay no-fault benefits to Barbara Swan and submitted the claims of her passengers to arbitration under its uninsured motorist coverage.
Later plaintiff discovered facts which led it to believe that the defendant did not properly terminate Smith’s *1015 insurance. It is alleged that the notice of cancellation defendant sent to Smith did not comply with the mandates of subdivision 8 of section 167 of the Insurance Law in that it omitted certain vital information. Plaintiff thereafter confronted defendant with this information and demanded that the matter be submitted to arbitration under the provisions of the “Nationwide Inter-Company Arbitration Agreement”. Defendant has refused to submit to arbitration.
Plaintiff then brought this action seeking a judgment declaring that the subject policy was in effect on the day of the accident, compelling the defendant to defend Smith, and granting a money judgment to reimburse plaintiff for moneys already paid to its insured and which it may be forced to pay to the passengers of its insured.
Defendant now brings this motion to dismiss the complaint.
As to the plaintiff’s claim to recoup moneys it has paid out in reliance upon defendant’s denial of coverage, the defendant argues that such a claim is barred by the Statute of Limitations. The argument proceeds on the theory that section 167 of the Insurance Law creates a right of action in favor of an insured against a liability insurer which disclaims coverage, and that plaintiff’s action seeks to assert that cause of action on its own behalf, having been subrogated to the rights of its insured. Such a claim is governed by CPLR 214 (subd 2) which limits to three years actions “to recover upon a liability *** created or imposed by statute”.
The court does not agree that a claim under section 167 (subd 1, par [b]) of the Insurance Law is barred by the Statute of Limitations for the following reasons.
The cause of action under section 167 (subd 1, par [b]) accrues when a judgment against the insured remains unsatisfied at the expiration of 30 days from service of notice of its entry upon the insured and the insurer. Contrary to defendant’s contention, the statute does not run from the date of the accident. (Eber Bros. Wine & Liq. Corp. v Firemen’s Ins. Co. of Newark, 30 F Supp 412; Oakley v Firemen’s Ins. Co. of Newark, 70 NYS2d 458.) No evidence *1016 is before the court that indicates that anyone has an unsatisfied judgment. Therefore, based on the present state of the record, there is no basis to find that a cause of action has even accrued under section 167 (subd 1, par [b]) much less that the time within which to launch such a suit is now barred.
The court also finds credence in plaintiff’s contention that even if the statute had run, the defendant might be estopped by the trier of fact from availing itself of that defense. (Dupuis v Van Natten, 61 AD2d 293; see, also, General Obligations Law, § 17-103, subd 4, par b.)
Defendant also has moved to dismiss that portion of the complaint which alleges breach of the arbitration agreement. However the court notes that in his complaint plaintiff does not seek any affirmative relief based upon the premise that the agreement to arbitrate was breached. Therefore, the motion to dismiss the complaint on this ground seems misplaced. In any event, the portion of the agreement cited by the defendant does not establish that this matter was not a proper subject for arbitration.
Defendant’s motion is denied in all respects.