OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff Evan Gewirtz moves to strike the first, second and third affirmative defenses of defendant’s answer. Defendant cross-moves to dismiss plaintiff’s complaint.
*601 This action was commenced, to recover the proceeds of an insurance policy allegedly covering defendant James Costello as an additional insured under a motor vehicle liability insurance policy issued by defendant to "resident relatives” of Costello. Insurance Law § 3420 (a) (2) provides: "A provision that in case judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.”
At the time of this accident, Mr. Costello was insured by the Prudential Property & Casualty Insurance Company. A lawsuit was commenced against him. His insurer retained the law firm of Shayne, Dachs, Stanisi, Corker & Sauer, Esqs. to defend him with respect to this accident. A judgment was entered after trial in favor of Evan Gewirtz against James Costello in the amount of $1,300,000 in the office of the Clerk of Suffolk County on November 26, 1986. On July 6, 1995, as evidenced by a certificate of mailing, a copy of the judgment was mailed to Costello’s attorneys. This action was commenced on August 17, 1995 approximately 40 days after plaintiff mailed Mr. Costello’s attorneys, who represented Mr. Costello in the lawsuit, the copy of the judgment with notice of entry. On or about October 9, 1995, the defendants answered the complaint and imposed five affirmative defenses. Three of the affirmative defenses are in issue in this motion. The first affirmative defense is as follows:
"as and for a first affirmative defense
"fourth: This action is barred by operation of CPLR § 213 in that it was not commenced within six years of the accrual of the cause of action. Upon information and belief, the judgment entered by plaintiff against James Costello was entered and served more than six years prior to the filing of the summons in this action.”
The second affirmative defense is as follows:
*602 "as and for a second affirmative defense
"fifth: This action is barred by operation of CPLR § 214 in that it was not commenced within three years of the accrual of the cause of action. Upon information and belief, the judgment entered by plaintiff against James Costello was entered and several [sic] more than three years prior to the filing of the summons in this action.”
The third affirmative defense is as follows:
"as and for a third affirmative defense
"sixth: Upon information and belief, the judgment with notice of its entry was never properly served upon James Costello and the requirements of Insurance Law § 3420 have not been completed. Thus a condition precedent to this action has not been accomplished by plaintiff.”
This third affirmative defense, however, has been withdrawn by the defendant.
The cause of action stated in the complaint has been created by statute. Prior to the enactment of Insurance Law § 3420 (a) (2) or its predecessor, former Insurance Law § 109, a judgment creditor in a negligence action possessed no cause of action against the insurer of the tortfeasor because of lack of privity. For the purpose of correcting the situation, the Legislature enacted this remedial statute. (See, Jackson v Citizens Cas. Co., 277 NY 385, 389.) Such action, created by statute, is one which is in derogation of the common law. The right of the judgment creditor to recover in this action is identical with the insured’s right to indemnification under the policy. The action exists solely because of statutory provisions and as such is not an action on a judgment. (Holmes v Allstate Ins. Co., 33 AD2d 96, 97.)
The first question to resolve is which Statute of Limitations is to be applied to an action commenced pursuant to Insurance Law § 3420 (a) (2). CPLR 214 (2) provides that an action to recover upon a liability, penalty or forfeiture imposed by statute except as provided in CPLR 213 and 215 must be commenced in three years.
The Court of Appeals in Aetna Life & Cas. Co. v Nelson (67 NY2d 169) found the three-year Statute of Limitations applies to an insurer’s suit to recoup first-party no-fault benefits. This action, the Court found, was governed by CPLR 214 (2) which applies to liabilities which would not exist but for a statute. The instant case is similar in that an action pursuant to *603 Insurance Law § 3420 (a) (2) is one which exists solely by statutory authority. Thus, the three-year Statute of Limitations applies to this action.
The only remaining question is when the Statute of Limitations accrued with respect to this action. Defendants argue a "common sense” approach to resolving this issue. Defendants state that the records to be relied upon in this action would be difficult, if not impossible, to obtain as time passes. The expiration date of the Statute of Limitations, therefore, should be three years after the judgment is first entered.
Defendants’ argument, from a practical point of view, makes sense. Plaintiff, in essence, could wait almost 20 years (CPLR 211 [b]) and then serve a copy of the judgment with notice of entry. Then, as long as the judgment is unsatisfied for 30 days, could commence a lawsuit pursuant to Insurance Law § 3420 (a) (2) against the insurer.
This court, however, is bound by the statutory language of Insurance Law § 3420 (a) (2). The Statute of Limitations begins to run when the cause of action accrues (CPLR 203 [a]), that is, when all the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court. (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175, supra.) The cause of action does not accrue until 30 days after service of the judgment with notice of entry upon the attorney for the insured. (See, Lumbermens Mut. Cas. Co. v North Riv. Ins. Co., 110 Misc 2d 1014.) In this case, the cause of action accrued on July 6, 1995 when a copy of the judgment with notice of entry was served. This action, therefore, was timely started when it was commenced on August 17, 1995, some 40 days later. As a result, the Statute of Limitations had not expired. Any remedy to this seeming inequity must await the action of the Legislature.
The motion, therefore, is granted and the first and second affirmative defenses are stricken. The cross motion is denied.