LOUIS O'DONNELL et al., Copartners under the Firm Name of O'DONNELL TOWING AND TRANSPORTATION COMPANY, Appellants and Respondents, v. MARINE TRANSIT CORPORATION, Defendant, and GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent and Appellant.

(Argued March 13, 1934;  decided March 23, 1934.)

*Jay Leo Rothschild, William F. Purdy, Louis Rivkin* and *John E. Purdy* for plaintiffs, appellants and respondents. The policy issued by the insurer inures to the benefit of the plaintiffs and they may recover directly from the insurer for the loss sustained. (*Atlantic Basin Iron Works* v. *American Ins. Co.*, 250 N. Y. 322; *Aldrich* v. *N. Y. Life Ins. Co.*, 235 N. Y. 214; *Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Hagan* v. *Scottish Union & National Ins. Co.*, 186 U. S. 423; *Duncan* v. *China Mut. Ins. Co.*, 129 N. Y. 237; *Symmers* v. *Carroll*, 207 N. Y. 632; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454; *Cassidy* v. *Hall*, 97 N. Y. 159; *Pattison* v. *Blanchard*, 5 N. Y. 186; *Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204; *Becker* v. *Frasse & Co.*, 255 N. Y. 10; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519.)  Defendant appellant is not entitled to the benefit of the other insurance which was effected by the plaintiffs. (*New York & P. R. S. S. Co.* v. *Ætna Ins. Co.*, 204 Fed. Rep. 255; *Marcus* v. *United States Casualty Co.*, 249 N. Y. 21; *Broadway Realty Co.* v. *Lawyers T. Ins. & T. Co.*, 226 N. Y. 335; *Halpin* v.

*Insurance Co.*, 120 N. Y. 73; *Aldrich* v. *Great American Ins. Co.*, 195 App. Div. 174; *Farmers' Feed Co.* v. *Scottish Union Ins. Co.*, 173 N. Y. 241.) Plaintiffs are entitled to recover reasonable counsel fees incurred in defending the Federal proceedings which were prosecuted by the insurer to avoid its obligation to plaintiffs. (*Wille* v. *Maier*, 256 N. Y. 465; *Du Bois* v. *Hermance*, 56 N. Y. 673; *Greene* v. *Barrett, Nephews & Co.*, 238 N. Y. 207; *Warner* v. *Doscher*, 213 App. Div. 117; 241 N. Y. 605; *Bliss* v. *Sickles*, 142 N. Y. 647; *Fisher* v. *Wakefield*, 203 N. Y. 539.)

*Loring R. Lecraw* for defendant, respondent and appellant. The plaintiffs were not insured by the policy. (*Hagan* v. *Scottish Union & National Ins. Co.*, 186 U. S. 423; *Duncan* v. *China Mut. Ins. Co.*, 129 N. Y. 237; *Donahue* v. *Kettell*, 1 Cliff. 135; *Parker* v. *Washington Tug Co.*, 83 Wash. 575; *Vandewater* v. *Mills*, 19 How. [U. S.] 82; *Ward* v. *Thompson*, 22 How. [U. S.] 330.) So far as the judgment denies recovery to the plaintiffs of the sum received by plaintiffs' attorney in the Federal court proceedings it is correct. (*Fernald* v. *Provident Washington Ins. Co.*, 27 App. Div. 137; *McWilliams* v. *Home Ins. Co.*, 40 App. Div. 400.)

Pound, Ch. J. This is an action on a policy of marine insurance. The policy consists of a printed form with a rider composed of three typewritten pages, containing twenty-six paragraphs. It is provided that " the terms and conditions of this form [the typewritten rider] are to be regarded as substituted for those of the policy to which they are attached, when they conflict." This raises the questions (a) was there a contract of insurance between the plaintiffs and the insurance company; (b) if so, what was that contract? " The difficulty in answering * * * arises out of the practice of annexing to the standard form of marine insurance policy a rider * * * to and about which the printed clauses in the

standard form have little or no application." (*Atlantic Basin Iron Works* v. *American Ins. Co.*, 250 N. Y. 322, 325.)

A brief history of the transactions between the parties will be helpful.

The plaintiffs are copartners engaged in business as operators of tugs and barges, conducting their business under the name and style of O'Donnell Towing and Transportation Company, and were owners of the tug *Hugh O'Donnell*. The defendant Globe and Rutgers Fire Insurance Company is a domestic insurance corporation.

Marine Transit Corporation at all material times was engaged in the business of transporting grain and other cargo by water in barges owned or chartered by it, which barges, being without motive power, were towed by tugs. In October, 1925, Marine Transit Corporation had contracted to transport a cargo of grain from Buffalo. It had the necessary barges, but required a tug for towing.

Accordingly Marine Transit Corporation entered into an agreement with the plaintiffs by which the latter were to furnish the tug *O'Donnell* to tow the barges, it being agreed that the profits of the venture were to be equally divided between Marine Transit Corporation and plaintiffs, and that the former was to insure the cargo with carrier's liability insurance, to cover the interests of plaintiffs and itself in the cargo, and the legal liability of each of them, with respect thereto, the cost of the insurance to be borne equally by Marine Transit Corporation and the plaintiffs.

Prior to this time and in June, 1925, the defendant Globe and Rutgers Fire Insurance Company had issued to Marine Transit Corporation the policy in suit.

In November, 1925, barges of Marine Transit Corporation laden with cargo, and in tow of the tug *Hugh O'Donnell*, left Buffalo for New York. The trial court found: " Before completion of the voyage of carriage, a loss was

occasioned, so that the cargo on two of the barges was destroyed " (or damaged).

The trial court has found that thereafter the owner of the cargo which was destroyed — the Spencer Kellogg Company — commenced an action against the plaintiffs in the United States District Court for the Southern District of New York to recover the value of the cargo so destroyed by reason of plaintiffs' legal liability. Such action resulted in judgment in favor of the plaintiffs therein in the sum of $38,878.

The judgment was paid by plaintiffs with money obtained from United States Merchants and Shippers Insurance Company, which in May, 1925, had issued a policy of insurance to plaintiffs covering any payments in discharge of certain liabilities arising from the operation of the tug *Hugh O'Donnell.*

Judgment herein was entered for the plaintiffs. On appeal the judgment was affirmed by the Appellate Division, second department, one justice dissenting.

It is the contention of the appellant insurance company that, as a matter of law, the plaintiffs were not insured by the policy, or that if insured the provisions of the policy prevent any recovery in the action.

We may assume, without deciding, that the policy in suit, covering Marine Transit Company, " on account of whom it may concern," covers and was intended to cover the plaintiffs.

In *Duncan* v. *China Mutual Ins. Co.* (129 N. Y. 237, 244) this court said: " The technical phrase ' for whom it may concern ' or any other terms of equivalent import * * * will be applied to the interest of the party for whose benefit it was intended by the person who procures or orders the insurance. These terms will not carry the benefit of a policy to a risk or an interest not fairly within the contemplation of the parties to the policy."

Let us then pass to the nature and amount of the coverage. As the case now stands, the Spencer Kellogg judg-

ment against plaintiffs has been paid in full by the United States Merchants and Shippers Insurance Company under its policy of insurance.

The printed portion of the policy herein provides: " Marine Transit Corporation on account of whom it may concern in case of loss to be paid in funds current in the United States. Does make and cause themselves to be insured.

"* * * if the said assured shall have made any other insurance upon the premises aforesaid prior in day of date to this policy, then the said Insurance Company shall be answerable only for so much as the amount of such prior insurance may be deficient towards fully covering the premises hereby assured."

The typewritten rider provides:

" 17. It is understood and agreed that the insurance covered hereunder shall be binding upon this company regardless of any other insurance which may have been effected on the property by persons other than the assured * * *."

" 21. This policy covers 100% interest as above, but this company not to be liable for more than one hundred thousand ($100,000) dollars, on any one vessel, at any one time."

" 26. The terms and conditions of this form are to be regarded as substituted for those of the policy to which they are attached, when they conflict."

Appellant insurance company contends that there is no conflict in these provisions; that it is subject to no liability because the prior insurance fully covered the loss, and the terms and conditions of the rider are to be regarded as substituted for those of the printed policy only when such conflict appears.

The terms of the policy limit the extent of the insurance policy to a deficiency where there is prior insurance. By reason of prior insurance, there is no deficiency here. When we turn to the rider, we find that (a) other insur-

ance is permitted; (b) the policy covers 100% interest as above. This seems wholly consistent with the limitation of liability to a deficiency. Once the deficiency is established, the policy covers 100% interest, not 80% nor mere contribution with co-insurers. There are no co-insurers.

Prior insurance is permitted. Such prior insurance bears the entire loss if it is large enough in amount to cover such loss. The policy in suit did not become effective as to plaintiffs because their loss has been paid in full by prior insurers. Read as a whole the language of the policy "does not justify the court in pushing words out of their setting and relationship to spell out a liability." (*Atlantic Basin Iron Works* v. *American Ins. Co., supra,* p. 330.)

So far as the judgment denies recovery to the plaintiffs of the sum of $6,100, received by plaintiffs' attorney in the Federal court proceedings, it is correct. The demand rests on the assumption that the insurer not only failed to pay a just claim but sought to carry on a sham battle through another. The policy sued on here is one of indemnity against liability as a common carrier or bailee. Counsel fees are no part of such liability.

Under the circumstance of cross-appeals the reversal should be without costs.

The judgments should be reversed and the complaint dismissed, without costs. (See 264 N. Y. 596.)

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.