**UNITED STATES FIRE INSURANCE CO., Appellant,**

v.

**GULF STATES MARINE & MINING COMPANY et al., Appellee.**

No. 17320.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1959.

Rehearing Denied Feb. 25, 1959.

Robert Eikel, Houston, Tex., for appellant.

Robert O. Campbell, Butler, Binion, Rice & Cook, Houston, Tex., for appellee, Gulf States Marine & Mining Co.

Edward W. Watson, Lockhart, Watson & Peterson, Galveston, Tex., for appellee, Norwich Union Fire Ins. Soc., Limited.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought as a declaratory judgment action by Gulf States Marine & Mining Company, which had been obliged to pay certain sums in satisfaction of claims arising out of the sinking of the Barge Sample and the loss onto the surrounding waters of large quantities of its

crude oil cargo, against Norwich Union Fire Insurance Society, Ltd., and United States Fire Insurance Co., its insurers in marine policies, the suit sought a judgment declaring that either the defendant Norwich, under its policy, or the defendant United States Fire, under its policy is, or that both defendants are under their policies, liable for the sums paid out by plaintiff on account of the sinking of the Barge.

The cause was submitted to the court without a jury on a stipulation as to the facts, with exhibits [1] attached thereto and there was an opinion [2] stating the facts as agreed to and drawing the conclusion of law therefrom that, for the reasons stated in the opinion, Norwich was not, and United States Fire was, liable on its policy, followed by a judgment in accordance with these conclusions.

Appealing therefrom, United States Fire is here urging under two grounds of error [3] that the conclusion of law and the judgment, that Norwich was not and the United States Fire was, liable under its policy, was erroneous, and arguing them with vigor and conviction.

Appellee Norwich, with an equal show of confidence, if not equal ground therefor, insists that the agreed facts support the conclusion and that the judgment based thereon must be affirmed.

We do not think so. On the contrary, for the reasons hereafter stated, we agree with the appellant that the sums paid were not within the coverage of the United States, but within that of the Norwich, policy.

Because the controlling facts are not in dispute and they are sufficiently set out in the opinion of the district judge, we will not undertake a general restatement of them, but, making general reference to them as they are stated in the opinion, will draw therefrom and state here only such of them as the argument from time to time makes necessary.

Because also the opinion of the district court has pinpointed the issue on which the case turned below and will turn here, —whose is the coverage?, it will not be necessary for us to set out the provisions of each policy on the basis of which coverage is claimed. It will be sufficient to set down here what the district judge regarded as controlling and to state as briefly as we may our reasons for thinking that in so holding he erred.

Agreeing, as he was of course obliged by the stipulation to do, that he was

1. These are:
"A. Norwich Policy 1864-Protection & Indemnity Insurance on Tug 'Dispatch'.
"B. Norwich Policy 1862-Hull Insurance on Tug 'Dispatch'.
"C. U.S. Fire Policy 926044-Hull Insurance on Barge 'Sample No. 1'.
"D. U.S. Fire Policy 926045-Protection & Indemnity Insurance on Barge 'Sample No. 1'.
"E. 'Barge Rental Agreement' between R.I. Sample and Gulf States.
"F. 'Barge Charter Party' between Gulf States and Cities Service Refining Corp.
"G-1. Findings of Fact and Conclusions of Law in Admiralty No. 1262, Cities Service Refining Corporation v. National Bulk Carriers, et al.
"G-2. Final Decree in Admiralty No. 1262.

2. Gulf States Marine & Mining Co. v. Norwich Union Fire Ins. Co., D.C., 863 F.Supp. 168.

3. These are: "(1) The barge here was found to be seaworthy. It was unmanned and without motive power. The tug and the tug's crew were in complete control of it. The tug syndicate form policy insuring Gulf States against liabilities for losses caused by the tug therefore covered the losses caused by the tug's crew here, and the Court below was in plain error in holding otherwise.
(2) Appellant's policies on the barge were obviously endorsed simply to avoid claims by the barge underwriters against Gulf States for damages to the barge done by Gulf States, and to hold that the endorsement on the barge policy of Gulf States as an assured extended coverage to Gulf States for wrongful acts of Gulf States' tug's crew was clearly erroneous."

bound by the findings and conclusions of Judge Hannay in the Admiralty cause, in which the liability of the Tug Dispatch and the Barge Sample was determined, that "the crew of the Tug Dispatch which had the Barge Sample in tow was negligent and gravely at fault, and such faults were plain, substantial, contributing and statutory major faults", and that the Barge Sample was not unseaworthy, though he found and concluded that the Norwich policy on the Tug Dispatch, written in the Tug Syndicate form, was broader than the comparable policy on the Barge Sample No. 1, having added language in the collision clause to cover towers' liability, he nevertheless held neither of the losses here were within that coverage. He did this by basing his holding, that the Tug Dispatch, the vessel insured, did not as a vessel cause either the loss or the damage here concerned, and that the liability imposed upon the owner of the Dispatch, the insured in the policy, was imposed upon it not as owner of the insured vessel, upon which a liability in rem was imposed, but as an employer of negligent individuals who were found negligent in failing to properly see to the loading of the barge.

Distinguishing Bronx Towing Line, Inc. v. Continental Insurance Co., D.C., 108 F.Supp. 298; Id., 204 F.2d 512, from this case, because the loss there resulted from a fault of the tug directly connected with the towage obligation, while as stated by him "in the instant case there was no fault or neglect on the part of the tug in connection with the towage operation and the only fault was in the loading of the barge. The fact that the tankerman employed in that work was employed by Gulf States, would impose liability on Gulf States, but this liability would not be imposed by reason of ownership of the tug" but because of the fault of Gulf States servants, he, therefore found that the "coverage elsewhere" clause of the United States Fire policy was not applicable under the circumstances.

To show that this holding, under the undisputed facts, constituted the Achilles heel of the opinion and judgment, we cannot do better, we think, than to point to these controlling facts.

The appellee Gulf States had a contract to transport by its own tow cargoes of crude oil for Cities Service Refining Company from Houston to Lake Charles. On one of the voyages called for, Gulf States chartered the Barge Sample No. 1.

This charter provided that the owner would secure Hull and Protection and Indemnity policies of marine insurance and have the charterer Gulf States named as an assured.

The barge was chartered bareboat, i.e., without any crews. It had no crew accommodations and never at any time had any crew. At all times, and particularly at the time of the casualty as the stipulation and the decision of Judge Hannay show, this barge was in charge and under the complete control of the tug Dispatch and the crew of the tug Dispatch, which was owned and operated by appellee Gulf States, and whose crew, therefore, were employees of Gulf States, as owner of the tug.

The loss of the crude oil from the barge, which gave rise to the liabilities of Gulf States, was caused, as Judge Hannay found, by the "negligence on the part of the tug Dispatch and its crew" in a number of particulars, among these findings being one of incompetence of the crew.

Upon the basis of this decision, Judge Hannay entered his decree against Gulf States, as claimant of the tug Dispatch, and against its stipulator.

Appellee Gulf States had two policies with Norwich, covering the tug Dispatch with itself the named assured. One of these was an ocean form Protection and Indemnity policy, one provision of which negatived liability relating to towage, and the other of which is a Tug Syndicate form policy which, as correctly stated in the opinion below, insured against

liabilities arising from the towing operation.

The Barge Sample No. 1 was insured under appellant's Hull policy and Protection and Indemnity policy. This latter policy, held by the court below to insure the losses here, expressly provided against liability where the assured had other coverage, but the district judge for the reasons, incorrect we think, given by him that the loss was not within the coverage of the Norwich policy, held the "cover elsewhere" clause of the United States Fire policy not applicable.

■ We agree with appellant's argument, based upon these facts, that "the prime fault in the decision of the court below is that it is not a decision of first instance in such circumstances as those found here, and that in its holding pertinent decisions in other jurisdictions were not followed upon the stated ground that the decision of Judge Hannay was based not on the finding of fault on the part of the tug Dispatch by and through its employees but of fault on the part of the owner, Gulf States, and the imposition of liability on it through the application of the doctrine of respondeat superior. Marine policies, as these policies are, should be interpreted in accordance with principles of Marine law, and such principles justly allow for no other finding than that the liabilities here of appellee Gulf States were insured by appellee Norwich by its Tug Syndicate form policy, and that "the coverage elsewhere" clause was effective to make Norwich, rather than United States Fire, liable.

■ Here we have the common interest of the tug and an unmanned tow completely within the custody and control of the tug and the tug's crew.

"The law governing such situations is well settled. In a contract of towage, the owner of the tow is responsible for the seaworthiness of his vessel and the owner of the tug for its safe navigation. * * * The owner of the tug is not an insurer against whom the mere loss of the tow raises a presumption of fault, * * * but he is obligated to perform his duties with such reasonable care and skill as prudent navigators usually employ in similar undertakings, and with such consideration as special circumstances may require. * * *" Curtis Bay Towing Co. of Virginia v. Southern Lighterage Corp., 4 Cir., 200 F. 2d 33, 34.

■ The tug, being the active instrument in charge of the undertaking, is of course responsible and liable to respond to third persons damaged by the tow— not the unmanned barge and its owners, merely passive participants.

Under the circumstances here, therefore, we think there can be no doubt that liability here was that of the tug Dispatch and therefore of appellee Gulf States, as operator of the tug Dispatch and employer of the crew of the tug Dispatch, and since said appellee had insurance covering its liabilities in the operation of the tug, such insurance should respond herein. That insurance was by appellee Norwich and its Tug Syndicate form policy, Exhibit "B" in this language:

"And it is further agreed that if the vessel hereby insured * * * shall cause any other loss or damage to her tow or to the freight thereof or to the property on board, and the Assured, as owner of the vessel, in consequence thereof, or the surety for said Assured in consequence of his undertaking, shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums not exceeding in respect of any one such casualty the value of the vessel hereby insured, we, the Underwriters, will pay the Assured such proportion of such sum or sums so paid as our subscriptions hereto bear to the value of the vessel hereby insured."

We agree with appellant, too, that authorities in other federal jurisdictions have under like circumstances as those

here already held that Tug Syndicate form policies, of the kind in question here, cover such losses as these here sustained, that Protection and Indemnity policies covering the barge do not, and that no circumstances exist in this casse which preclude following those decisions. Marine Transit Corporation v. Northwestern Fire & Marine Ins. Co. (The Edward A. Ryan), 2 Cir., 67 F.2d 544; Bronx Towing Line, Inc. v. Continental Insurance Co., D.C., 108 F.Supp. 298, supra, and O'Donnell v. Marine Transit Corporation, 264 N.Y. 101, 190 N.E. 165.

For the error indicated, the judgment is reversed and the cause is remanded with directions to enter judgment for appellant.