Veda M. Foreman HAINS

v.

GLASER CONSTRUCTION COMPANY
et al.

No. 7959.

United States District Court
W. D. Louisiana,
Opelousas Division.

Sept. 14, 1962.

Noel P. Giuffrida, Domengeaux & Wright, Lafayette, La., for plaintiff.

Bean & Rush, James W. Bean, Lafayette, La., for defendants, Glaser Constr. Co., Bay Contractors, Inc. and W. L. Daly, Inc.

Davidson, Meaux, Onebane & Donohoe, J. J. Davidson, Jr., Lafayette, La., for Liberty Mut. Ins. Co.

Lemle & Kelleher, Charles E. Lugenbuhl, New Orleans, La., for Daly and U. S. Fire Ins. Co.

Phelps, Dunbar, Marks, Claverie & Sims, Thos. W. Thorne, Jr., New Orleans, La., for Great American & Steamship, Mut.

PUTNAM, District Judge.

George Frank Hains came to his death by drowning while in the employ of Bay Contractors, Inc., aboard a dragline barge owned by this defendant, on or about July 8, 1960, leaving surviving him his widow, Veda M. Foreman Hains, and three minor children, George Frank Hains, Jr., Evelyn Marie Hains and Jacqueline Kay Hains. This action is brought by the widow for herself individually, and as the duly confirmed natural tutrix of the three children in their behalf.

At the time of his death, Hains was being transported from his work aboard the Rowe 14 to the Texas Company landing near Henderson, Louisiana, on board the tug Mary G. This vessel is owned by W. L. Daly, Inc. and was under bareboat charter to Glaser Construction Company, Inc. on the date of the accident, being

manned and operated by a crew employed by the charterer.

Complainant joins Bay Contractors, Inc., Glaser Construction Company, Inc. and W. L. Daly, Inc., as defendants. For convenience, they will be referred to hereinafter simply as Bay, Glaser and Daly. Also made defendants are various insurance companies under several liability policies issued to these three defendants.

Plaintiff's suit is brought under the Jones Act, and the general maritime law, and alternatively under Article 2315 of the LSA–Civil Code, the basic law in this State for wrongful death. Her claim under the general maritime law is pitched upon several alleged acts of negligence and unseaworthiness, which she attributes to all three defendants, notwithstanding the fact that the tug Mary G was chartered by its owner to the defendant Glaser.

It is well to note at this point that the three local corporate defendants are almost entirely owned and are controlled by Mr. D. M. Glaser, so that the close relationship between them as shown by the pleadings in the conduct of this work is not as strange as might appear at first blush.

At this stage of the proceedings the defendant insurance carriers, writhing in anticipation of the lash of liability and seeking to escape the blow or lessen its sting, have filed several motions for summary judgment in which able counsel urge upon the Court various grounds upon which their respective clients should be discharged from the arena. As some of the questions thus presented are of considerable weight, we have attempted to strip them of the redundancy resulting from the zeal of advocacy, and will here discuss those features of each motion that seems to us to merit attention.

## I

### DALY, STEAMSHIP MUTUAL AND U. S. FIRE INSURANCE CO.

Defendant Daly contends that since the tug "Mary G" was under bareboat charter to Glaser, he has no liability in the premises. He is joined in this posi-

tion by Steamship Mutual, which company urges additionally that its policy does not cover the operations of Bay and Glaser as named insureds, and further that its coverage is excess liability only (from $25,000 to $200,000 on the "Mary G", and from $30,000 to $200,000 on the "Rowe 14"), and the primary insurance was changed on or about April 30, 1960 from a policy issued by Springfield to one issued by U. S. Fire in violation of the terms of their policy, increasing the hazard.

U. S. Fire, primary insurer for Daly, takes the same position as its insured as to liability under the bareboat charter to Glaser, and further urges that its policy does not cover Glaser and Bay as insured parties.

■ These motions must be denied, as there are definite issues of fact to be resolved for their determination. As to Daly and U. S. Fire, since unseaworthiness is alleged for recovery, it is a matter of proof as to when the condition of unseaworthiness arose. See Edelman, Maritime Injury and Death, Vol. 1, pp. 164, 165.

The same applies to the motion urged by Steamship Mutual, and, in addition, a factual question must be resolved to determine whether or not coverage should have been afforded to Glaser and Bay, since the agents of the company seem to have been instructed to afford the same coverage to the same parties as was contained in the original primary insurance policy written by Springfield.

Accordingly, the motions for summary judgment filed by Daly and U. S. Fire are denied, and it is so adjudged. The motion of Steamship Mutual raises additional questions of coverage common to the motions hereinafter discussed, consequently ruling on its motion at this time is pretermitted to preserve the continuity of this opinion.

## II

### LIBERTY MUTUAL AND GREAT AMERICAN

These motions present the most serious question for determination. Liberty Mu-

tual had outstanding at the time of this accident a liability policy issued to Glaser and to Bay, with limits of $100,000.00; Great American had a policy of Protection and Indemnity insurance on the barge "Rowe 14" issued to the same defendants, with limits of $30,000. Both policies contain the so-called "escape" or "other insurance" and "no contribution" clauses.

The pertinent clause of the Great American policy reads as follows:

"Provided that where the assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by this company, under this policy, there shall be no contribution by this company on the basis of double insurance or otherwise."

The Liberty Mutual policy provides in pertinent part as follows:

"Such insurance shall not attach with respect to any liability of the insured if there is in force for the insured or his benefit a protection and indemnity or similar policy which would cover any part of such liability except for an "other insurance clause, deductible or limitation of liability clause or similar clauses."

"If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under each policy applicable to such loss, had each such policy been the only policy so applicable."

■ Such clauses written into insurance contracts must be given effect wherever possible, they must be recognized unless the words used leave some doubt as to meaning requiring construction. Canal Insurance Company v. Dougherty, 247 F.2d 508 (5 Cir. 1957). Maryland Casualty Company v. Southern Farm Bureau, 235 F.2d 679 (5 Cir. 1956).

Liberty Mutual argues strenuously that its clauses preclude liability, by reason of the protection and indemnity coverage carried by Great American, and it relies upon the decision of United States Fire Insurance Co. v. Gulf States Marine & Mining Company, 262 F.2d 565 (5 Cir. 1959). In brief we find the following interpretation placed upon that decision—"held that a marine policy which contained a provision that coverage was not afforded where the insured had a policy covering the same risk—and coverage was denied on the basis that it was established that the insured had an existing policy covering the same risk." We do not think that this is a correct statement of the holding in that case.

There, the facts were found by the District Court in an opinion reported in Gulf States Marine & Mining Company v. Norwich Union Fire Ins. Soc., 168 F. Supp. 863 (S.D.Tex.1958). Briefly stated the conflict was between the insured Gulf States and its two insurance carriers, Norwich and United, to determine which, if either, was liable for payment of certain damages to a barge belonging to Gulf States, to the cargo of oil which the barge was taking on at the time of the loss, and to property of downstream landowners. The facts were that a barge under charge of the tug "Dispatch" was sunk while taking on a cargo of oil, when wave wash from other tugs engaged in warping in a tanker on the east side of the same slip, flooded the decks of the barge and entered an open manhole cover to a bouyancy tank, causing her to sink. Norwich had issued a Hull Insurance policy containing a liability clause covering the tug Dispatch, which tug was in complete charge of the unmanned barge, with Gulf States as named insured. U. S. Fire had outstanding a policy of Protection and Indemnity Insurance, issued to the barge owner, R. I. Sample and covering the barge in question, this craft being under bareboat charter to Gulf States. The District Court held that the loss should be borne by U. S. Fire under the protection and

indemnity policy, and absolved Norwich from liability on the ground that the vessel insured (the tug Dispatch) "did not 'cause' either loss or damage here concerned" but the owner's liability was fixed on grounds of negligence of his employees who failed to properly see to the loading of the barge. Based on this conclusion, the Court held that the "cover elsewhere" clause of U. S. Fire was not applicable, and the insurance was held to apply.

On appeal, the Fifth Circuit held that such holding was erroneous, that marine policies should be interpreted according to marine law, and that under marine law in a contract of towage, the owner of the tow is responsible for its seaworthiness, the owner of the tug for its safe navigation, citing Curtis Bay Towing Company of Virginia v. Southern Lighterage Corp., 200 F.2d 33 (4 Cir. 1952). The holding of the Court was that the tug "being the active instrument in charge of the undertaking, is of course responsible and liable to respond to third persons damaged by the tow—not the unmanned barge and its owners, merely passive participants" (262 F.2d 568). Hence, since liability did lie with Norwich, the "coverage elsewhere" clause of U. S. Fire was effective. This latter holding was not necessary to a decision of the case, for it is later pointed out in the opinion that the protection and indemnity policy covering the barge did not cover such losses as were involved in that case, but Tug Syndicate policies such as the one issued by Norwich, did so cover. Actually, the Court decided the issues in this case on coverage by Norwich and absence of coverage by U. S. Fire.

Such is not the situation presently before the Court. Here we find mutually repugnant clauses under which there would be no liability on the part of either insurer if they are given literal effect. The Court must hold either that Liberty Mutual, Great American and Steamship Mutual be dismissed, or that they all remain in the case as defendants and prorate the losses, if any are found.

The latter course is, in our view, correct. See: Continental Cas. Co. v. Gen. Accident Fire & Life, etc. (D.C.Ore.1959), 175 F.Supp. 713; Oregon Auto Ins. Co. v. U. S. Fidelity, (9 Cir. 1952), 195 F.2d 958; Spurlock v. Boyce etc., La.App., 90 So.2d 417, (1956).

The workmen's compensation insurance policies issued by Liberty Mutual do not appear to be involved in this suit.

It is so held, and accordingly the motions for summary judgment filed by Liberty Mutual and Great American are also denied.

Steamship Mutual has urged the same questions of coverage under its policy in addition to the issues previously discussed. For these reasons, its motion is likewise denied.

Defendants Daly, Bay and Glaser were relieved from pleading in this cause until determination of the questions presented as to insurance coverage. They are now afforded a delay of 20 days from date in which to make answer.

No further decree is necessary.