492 So.2d 139 (1986)
Thomas SLEDGE, et ux.
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (Office of Highways and/or Office of Aviation and Public Transportation), Terrebonne Parish Police Jury, and the State of Louisiana.
Cyrus THERIOT, Jr.
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (Office of Highways and/or Office of Aviation and Public Transportation) and Terrebonne Parish Police Jury.
Galen J. DUPLANTIS
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (Office of Highways and/or Office of Aviation and Public Transportation) and Terrebonne Parish Police Jury and the State of Louisiana.
Mona Dehart VOISIN, Individually and as Administratrix of the Estate of Bruce J. Voisin and as Natural Tutrix of the Minor, Chad Anthony Dehart
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (Office of Highways and/or Office of Aviation and Public Transportation) and Terrebonne Parish Police Jury and the State of Louisiana.
Nos. 85 CA 0648, 86 CA 0470, 86 CA 0471 and 86 CA 0472.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Writ Denied October 10, 1986.
*140 Glynn F. Voisin, Houma, for plaintiffs and appelleesThomas Sledge.
Denis J. Gaubert, III, Michael St. Martin, Houma, for plaintiffsCyrus Theriot, Jr., Mona Dehart Voisin and Galen Duplantis.
D. Kirk Boswell and Rufus C. Harris, III, New Orleans, for third party defendant and appellantCaryl Antony Vaughan Gibbs, as Lloyd's Underwriters' Nominee.
Philip E. Henderson, Houma, for third party defendant/appellee North River Ins. Co. and Intern. Surplus Lines Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
These consolidated actions arise of ferry boat accidents which occurred on the Houma Navigational Canal.

Facts
After a pontoon bridge crossing the Houma Navigation Canal was damaged in a marine casualty, the Terrebonne Parish Police Jury (Police Jury), through its state representative, approached the State of Louisiana, Department of Transportation & Development (DOTD), and requested the loan of a vehicular cable ferry to make it possible for citizens living in the area to cross the canal, pending repairs to the damaged pontoon bridge. By letter of August 20, 1981, DOTD loaned the Police Jury Cable Ferry 305-028.
By contract dated October 14, 1981, the Police Jury assumed all responsibility and expense for the operation, maintenance and repair of Cable Ferry 305-028, including responsibility for maintaining all necessary liability insurance associated with operation of the vessel.
At all times during the operation of the cable ferry, the Police Jury was insured by a comprehensive general liability policy issued by the North River Insurance Company (North River) in the sum of $50,000.00, excess of a $35,000.00 deductible, for liability from bodily injury and/or property damage arising out of the use of non-owned watercraft. For the same period and for the same coverage provided, the International Surplus Lines Insurance Company (International Surplus Lines) issued policies in the amount of $915,000.00, excess to the $85,000.00 combined underlying North River coverage and the assured's deductible.[1]
*141 At all times pertinent thereto, the State of Louisiana, DOTD owned Cable Ferry 305-028. A schedule of vessels owned by the State of Louisiana and/or DOTD including Cable Ferry 305-028, was insured by Lloyd's of London (Lloyd's), who issued a Protection & Indemnity policy in the amount of $300,000.00 (less $10,000.00 deductible any one accident or occurrence each vessel) for primary coverage and an excess policy in the amount of $4,700,000.00.
At the request of the Police Jury, effective August 21, 1981, the Police Jury was named as an additional assured to the Lloyd's policies with respect to Cable Ferry 305-028 only. No additional premium was charged by Lloyd's in consideration for naming the Police Jury as an additional assured to the aforementioned P & I policies.
On January 22, 1982, Cyrus Theriot, Jr. filed suit against the Police Jury and DOTD in the Thirty-Second Judicial District Court, Parish of Terrebonne, State of Louisiana, Civil Action No. 67260, claiming damages for personal injury resulting from a November 19, 1981, outboard motor boat collision with Cable Ferry 305-028.
Thereafter, on February 10, 1982, Galen J. Duplantis and Mona Dehart Voisin, individually, as administratrix of the estate of Bruce J. Voisin and as natural tutrix of Chad Anthony Dehart, filed suit against the Police Jury, DOTD and the State of Louisiana in the Thirty-Second Judicial District Court, Parish of Terrebonne, Civil Action Nos. 67457 and 67458 respectively, claiming damages for personal injuries resulting from an outboard motor boat collision with Cable Ferry 305-028 on February 7, 1982.
On April 27, 1982, Thomas and Eleanore Sledge filed suit Number 68,167 in the Thirty-Second Judicial District Court, Parish of Terrebonne. In their suit, the Sledges claimed damages for personal injuries arising out of an October 18, 1981, motor boat collision with Cable Ferry 305-028.
In each of the four district court proceedings, the Police Jury filed third-party demands against Lloyd's,[2] North River and International Surplus Lines, requesting a declaration of insurance coverage for the Police Jury with respect to potential liability of the parish for the personal injury claims of plaintiffs. Cross-petitions were filed by and between Lloyd's and the comprehensive general liability insurers, North River and International Surplus Lines, requesting relief from insurance coverage for the liability of the Police Jury on grounds that the other insurer afforded sole coverage for the Police Jury.
In all four proceedings, the plaintiffs agreed to settle their claims with defendants for various amounts as follows:

*142
 THERIOT
 TOTAL SETTLEMENT STATE OF LOUISIANA TERREBONNE PARISH
 $145,000.00 $ 18,125.00 $126,875.00
 SLEDGE
 TOTAL SETTLEMENT STATE OF LOUISIANA TERREBONNE PARISH
 $ 20,000.00 $ 2,500.00 $ 17,500.00
 VOISIN/DUPLANTIS[3]
 TOTAL SETTLEMENT STATE OF LOUISIANA TERREBONNE PARISH
 $830,000.00 $103,750.00 $726,250.00

Thereafter, all of the complaints and thirdparty demands were dismissed, except for the cross-claims by and between Lloyd's, North River and International Surplus Lines pertaining to the proration of insurance coverage for the Police Jury.
Lloyd's, North River and International Surplus Lines, underwriters of the Police Jury, requested that the issue of insurance coverage be decided by the district court through simultaneous motions for summary judgment. Moreover, the Theriot, Duplantis and Voisin actions were consolidated with the proceeding entitled "Thomas Sledge, et ux versus Louisiana Department of Transportation and Development (Office of Highways and/or Office of Aviation and Public Transportation), Terrebonne Parish Police Jury, and the State of Louisiana," suit number 68,167, so that the trial court's judgment would be dispositive of the issues of coverage, pertaining to each individual personal injury lawsuit.

Trial Court Action
This matter came for hearing July 22, 1983, and two Reasons for Judgment were issued by the trial court on September 15, 1983, and July 3, 1984, respectively, which held:
(1) Louisiana law is applicable to the interpretation of these insurance policies;
(2) The Lloyd's policies contain an "escape" clause;
(3) The North River and the International Surplus Lines' policies contain an "excess" clause;
(4) The respective "escape" clause and "excess" clauses are mutually repugnant and, therefore, cannot be given effect;
(5) Coverage of the primary policies should be exhausted first with payment on a pro-rata basis. Then the coverage of the excess policies should be exhausted on a pro-rata basis;
(6) Lloyd's policy GCM No. 7960 is a primary policy;
(7) The North River policy is a primary policy;
(8) Lloyd's GCM No. 7961 is an excess policy;
(9) International Surplus Lines' policies XSI-6004, XSI-6005 and XSI-6006 are excess policies. Although each is a separate policy, excess coverage is in layers and their limits are to be treated collectively for purposes of pro-ration with other excess insurance;
(10) The coverages are written on a "per occurrence" basis;
(11) The first $10,000.00 of any loss is to be borne by the Police Jury, which represents the deductible amount in the Lloyd's primary policy GCM No. 7960;
(12) The next $25,000.00 is to be borne by Lloyd's primary policy No. GCM 7960, which alone affords coverage below $35,000.00 (the amount of the deductible of the primary North River policy);
(13) The next pro-ration is to be between the remaining primary coverage provided by the North River primary comprehensive general liability policy in the stated amount of $50,000.00 and the remaining Lloyd's primary coverage under *143 policy GCM No. 7960 which is to be calculated on the basis of the stated value in the amount of $300,000.00, less the $10,000.00 deductible, less the payment of $25,000.00 for the loss which is below the commencement level for the North River coverage, and less any amount paid under the Lloyd's primary policy on behalf of the State of Louisiana;[4]
(14) Because the individual settlements were such that the State of Louisiana's liability was covered solely pursuant to the Lloyd's primary layer of coverage, pro-ration between the excess policies for the next $5,615,000.00 is to be pro-rated 915/4700, that is, the $915,000.00 excess International Surplus Lines' coverage pro-rated with the $4,700,000.00 Lloyd's excess policy; and
(15) Anything above is to be borne by the Police Jury.
In accordance therewith, the trial judge apportioned the settlements as follows:

 THERIOT
 a. $ 10,000.00 - Terrebonne Parish Police Jury (deductible)
 b. $101,401.32 - Lloyd's primary policy
 c. $ 0.00 - Lloyd's excess policy
 d. $ 15,473.68 - North River primary policy
 e. $ 0.00 - International Surplus Lines' excess policies
 VOISIN/DUPLANTIS
 a. $ 10,000.00 - Terrebonne Parish Police Jury (deductible)
 b. $186,250.00 - Lloyd's primary policy
 c. $401,780.94 - Lloyd's excess policy
 d. $ 50,000.00 - North River primary policy
 e. $ 78,219.06 - International Surplus Lines' excess policies
 SLEDGE
 a. $ 10,000.00 - Terrebonne Parish Police Jury (deductible)
 b. $ 7,500.00 - Lloyd's primary policy
 c. $ 0.00 - Lloyd's excess policy
 d. $ 0.00 - North River primary policy
 e. $ 0.00 - International Surplus Lines' excess policies

From this judgment, Lloyd's appeals, alleging the following specifications of error:
(1) The Court erred when it applied Louisiana law, as opposed to federal maritime law, to the interpretation of policies of marine insurance;
(2) The Court erred in its application of Louisiana law when it held two competing policies containing an escape clause, on the one hand, and an excess clause, on the other hand, could not be reconciled; and
(3) The Court erred, under both Louisiana and federal maritime law, when it held contribution from the co-insuring policies should be on a pro-rata basis calculated on the respective limits of the policies, whereas Louisiana and federal maritime law require contribution equally.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, Lloyd's contends that the trial judge erred when he applied Louisiana law, as opposed to federal maritime law, to the interpretation of the *144 policies of marine insurance. Plaintiff reasons that a suit on a marine insurance policy is an admiralty cause of action and that, as such, should be governed by federal maritime law.
A suit on a marine insurance policy is unquestionably an Admiralty cause of action. Insurance Co. of No. America v. Langan Construction Co., 327 F.Supp. 567 (S.D.Ala.1971). That, however, does not determine whether the interpretation and application of the policy terms are to be governed by state or maritime law. See Irvin v. Eagle Star Insurance Company, 455 F.2d 827 (5th Cir.1972).
As the United States Supreme Court held in Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955), where there is a judicially established federal admiralty rule on the issue, the court should look to that rule, and not to the state jurisprudence, to resolve the matter. However, when there is no established federal admiralty rule, the court must look to the appropriate state law for guidance. Travelers Indem. v. Certain Underwriters at Lloyd's, 566 F.Supp. 267 (E.D.La.1983). See also Robert S. Daigle, et al. v. Coastal Marine, Inc., et al, 488 So.2d 679 (La.1986).
In the case sub judice, none of the cases cited by Lloyd's, nor any other cases found by this Court, establish a federal admiralty rule on the issue involved in this matter. After weighing the circumstances of this case in light of the applicable jurisprudence, we conclude that Louisiana law should be applied. See Irwin v. Eagle Star Insurance Company, supra; Layton v. Land and Marine Applicators, Inc., 522 F.Supp. 679 (E.D.La.1981). The contracts of insurance before us in this case are ones in which Louisiana has substantial and legitimate interest. The plaintiffs in each of the consolidated actions were Louisiana residents. Cable Ferry 305-028 was owned by the State of Louisiana and was located within Louisiana when it caused plaintiffs' damages. The policies of insurance were issued and delivered in Louisiana. Lloyd's was authorized to do business in Louisiana. Clearly, Louisiana is the only state with a substantial interest in the controversy, and the trial judge correctly applied Louisiana law.
This assignment lacks merit.

Assignments of Error Nos. 2 & 3
Lloyd's contends that the trial court erred in holding that the escape clause in one of the marine insurance policies and the excess clause in another of the marine insurance policies were mutually repugnant, could not be reconciled, and were ineffective. Lloyd's further reasons that the trial judge erred when he held that contribution from the policies of marine insurance would be made on a pro-rata basis.
Clauses in insurance must be given effect where possible. Viger v. Geophysical Services, Inc., 338 F.Supp. 808 (W.D. La.1972). Where, however, the two clauses are irreconcilable, a determination must be made as to which clause, if either, should be given effect. Layton v. Land and Marine Applicators, Inc., supra. Sometimes, in such situations, "if the provisions of both policies are given effect, neither insurer would be liable. Such a result would render all insurance nugatory and produce an absurdity which neither the insured nor the insurers contemplated." Graves v. Traders & General Insurance Company, 252 La. 709, 214 So.2d 116 (1968). When confronted with a conflict between two policies, each containing an excess clause or one containing an excess clause and one containing an escape clause, the Louisiana courts have consistently held the two conflicting clauses to be mutually repugnant and ineffective. Graves v. Traders & General Insurance Company, supra; Dette v. Covington Motors, Inc., 426 So.2d 718 (La.App. 1st Cir.1983); Blanchard v. Rodrigue, 340 So.2d 1001 (La.App. 1st Cir.1976), writs denied, 341 So.2d 1129, 1130 (La.1977).
The result of finding that the excess and escape clauses are mutually repugnant and ineffective is to prorate the loss between the two insurers. Dette v. Covington Motors, *145 Inc., supra; State Farm Mutual Auto. Ins. Co. v. Travelers Ins. Co., 184 So.2d 750 (La.App. 3rd Cir.1966), writs denied, 249 La. 454, 455, 187 So.2d 439 (1966).
In the case sub judice, the policy of insurance issued by Lloyd's contains the following clause:
Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.
This is, as the trial judge correctly determined, an escape clause. It seeks to absolve Lloyd's completely from liability if there is other valid and collectible insurance. See Voisin v. Ocean Protein, Inc., 321 F.Supp. 173 (E.D.La.1970). The North River policy contains the following provision:
The insurance afforded hereunder shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an insured under a policy applicable with respect to such watercraft or otherwise, against a loss covered by this endorsement.
This clause seeks to make its coverage excess if there exists other valid insurance coverage.
Therefore, we find that the trial judge correctly found that under the applicable law enunciated in Graves v. Traders & General Insurance Company, supra, the excess and escape clauses in the two policies are mutually repugnant and are of no effect. Further, based upon this finding, the trial judge correctly prorated the loss between the two insurers.
These assignments are without merit.

Conclusion
For the above reasons, the judgment of the trial court is affirmed. Lloyd's is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] The International Surplus Lines' policies provided various layers of coverage:

(1) policy XSI 6004 provided coverage of $200,000.00 each and every loss excess of $85,000.00 each and every loss and in the aggregate $200,000.00 excess of $50,000.00 underlying and the self-insured loss fund;
(2) policy XSI 6005 provided coverage of $215,000.00 each and every loss excess of $285,000.00 each and every loss in the aggregate $215,000.00 excess of $250,000.00 underlying and the self-insured loss fund; and
(3) policy XSI 6006 provided coverage of $500,000.00 each and every loss excess of $500,000.00 each and every loss and in the aggregate $500,000.00 excess of $465,000.00 underlying and the self-insured loss fund.
[2] Caryl Antony Vaughan Gibbs represented Lloyd's and was designated as Lloyd's Underwriters' Nominee.
[3] Although the Voisin/Duplantis matters were originally filed as separate lawsuits, they arose out of a single occurrence and therefore, for insurance purposes, are combined.
[4] Lloyd's also insured the State of Louisiana, as well as the Police Jury. Lloyd's paid the State's portion of the settlement.