724 F.Supp. 435 (1989)
Keith GUIDRY, et ux.
v.
CSI BLASTERS/PAINTERS, INC.
Civ. A. No. 87-1368.
United States District Court, W.D. Louisiana, Lafayette-Opelousas Division.
November 6, 1989.
J. Michael Stefanski, Edwards, Stefanski, Barousse, Crowley, La., and E. Byrne Edwards, Cunningham, Stefanski & Zaunbrecher, Lafayette, La., for plaintiffs.
Frank X. Neuner, Jr., Laborde & Neuner, Lafayette, La., and Ralph E. Kraft and F. Douglas Gatz, Jr., Preis, Kraft, Laborde & Daigle, Lafayette, La., for defendant, Nat. Union Fire Ins. Co.
Jeffrey Raines & Alan R. Sacks, Sacks & Eason, New Orleans, La., for third party defendant, Institute of London Underwriters.

*436 RULING
PUTNAM, Senior District Judge.
Now before the Court are cross motions for summary judgment filed by National Union Fire Insurance Co. of Pittsburgh, Pennsylvania, defendant and third party plaintiff ("National Union") and Institute of London Underwriters and/or Members of the Institute of London Underwriters, third party defendant ("ILU"). For the reasons stated below, National Union's motion is DENIED and ILU's motion is GRANTED in part and DENIED in part.
This litigation arose when Keith Guidry, an employee of CSI, was injured while working on a job subcontracted by McDermott to CSI. Guidry filed suit against McDermott on June 30, 1987 and service was obtained on July 13, 1987. The blanket subcontractor's agreement required CSI to defend and indemnify McDermott and to name McDermott as an additional insured under CSI's comprehensive general liability policy. A review of the exhibits shows that National Union issued a claims made policy to CSI with a policy period from May 31, 1986 to May 31, 1987. (Exhibit A). ILU issued a policy for the period May 31, 1987 through May 30, 1988. (Exhibit B). The parties contest whether the policy is a claims made or occurrence policy. Plaintiff Keith Guidry settled his claim against CSI for $175,000 and an order was entered by this Court on July 12, 1989 dismissing the case but reserving all claims between ILU and National Union. Each insurance company contributed $87,500 toward the settlement while contesting that its policy provided coverage.
A reading of the exhibits shows that the insured, CSI, made every effort to obtain continuous coverage when its agent substituted ILU for National Union as the insurer. Specifically, the National Union policy provides for an extended reporting period in the event a claim is made outside of the normal reporting period and where no other insurance company would cover the loss. Similarly, the ILU policy provides for a period of coverage retroactive to May 31, 1986 in the event the claims made policy would not provide coverage. The specific provisions are excerpted below:
The National Union automatic extended reporting period:
"applies only if no subsequent insurance you purchase applies to the claim, or would apply but for the exhaustion of the applicable limit of insurance." (Emphasis added.)
National Union policy number S530-58-80 further states in Endorsement 42810 (11/85):
"3. The automatic limited extended reporting period will be as set forth below:
a. This automatic limited Extended Reporting Period applies only if no subsequent insurance you purchase applies to the claim, or would apply but for the exhaustion of its applicable limit of insurance.

b. Sixty days, starting with the end of the policy period, if no other insurance you purchase to replace this coverage part applies to the claim or would apply but for the exhaustion of its applicable limits of insurance." (Emphasis added.)
The ILU policy provides for a retroactive date of coverage to May, 1986 as follows:
"TAIL WORDING"
"It is hereby noted and agreed that the retroactive date in respect of all coverages included hereunder shall be May 31, 1986. However such coverage shall only be in respect of claims not made against the Assured at its inception of this policy, but which have occurred on or after the above retroactive date, and which are not recoverable under the Assured's claims made policy issued for the period May 31, 1986 to May 31, 1987, subject always to the terms and conditions of this policy." (Emphasis added.)
As fate would have it, the plaintiff Guidry was injured while CSI was insured with National Union but did not make his claim until June or July, 1987 which was within both National Union's extended reporting period and the retroactive period of ILU. *437 The predictable result is two insurance companies attempting to avoid coverage.
ILU argues that the claim was made within National Union's extended reporting period; thus National Union should provide coverage. Conversely, National Union argues its extended reporting period is not applicable because ILU provides coverage.
ILU makes an alternative argument for prorata contribution, however, with which this Court agrees. Each of the policies contain what may be construed as an escape clause which is defined as a type of other insurance clause which provides coverage only where there is no other insurance coverage. Appleman, Insurance Law and Practice, sec. 4910. Such clauses written into insurance contracts must be given effect wherever possible. Viger v. Geophysical Services, Inc., 338 F.Supp. 808 (W.D.La.1972), aff'd 476 F.2d 1288 (5th Cir.1973); Hains v. Glaser Const. Co., 209 F.Supp. 355 (W.D.La.1962). However, where the two clauses are irreconcilable, an inequitable result of no coverage may occur. In such a case, the two clauses are held to be mutually repugnant and ineffective. Truehart v. Blandon, 696 F.Supp. 210, 216 (E.D.La.1988); Sledge v. Louisiana Dept. of Transportation & Development, 492 So.2d 139, 144 (La.App. 1st Cir. 1986), writ den. 494 So.2d 1176 (La.1986); Hains at 358. The Court should then prorate the losses. Sledge at 144. See also A. Windt, Insurance Claims and Disputes, sec. 7.01-7.04. As each policy has a $1,000,000 limit of coverage, the losses should be prorated equally as has already been done.
Furthermore, it is noted that National Union has requested that it be reimbursed all costs of litigation. The parties are directed to brief this issue in view of the foregoing ruling, specifically addressing the recoverability of such expenses incurred prior to National Union's tender of defense to ILU.