Magnus **VOISIN**, Plaintiff,

v.

**OCEAN PROTEIN, INC.**, and **Argonaut Insurance Company**, Defendants.

Civ. A. No. 69–550.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 20, 1970.

Darryl Tschirn, Reginald T. Badeaux, Jr., Badeaux, Discon & Associates, New Orleans, La., for plaintiff.

Charles Hanemann, O'Neal, Waitz & Henderson, Houma, La., for Argonaut Ins. Co.

Robert B. Deane, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for Kenneth Leslie Symes and Ocean Protein, Inc.

CASSIBRY, District Judge:

This matter is before the court for a determination of which insurer or insurers afford coverage for the stipulated liability of the assured and settlement in amount of $45,000, with respect to plaintiff's original claim.

Defendant Argonaut is the Workmen's Compensation and Employers' Liability insurer of Ocean Protein, Inc. Defendant Argonaut will be referred to as Employers Liability.

Employers Liability brought a third-party action against "Certain Underwriters at Lloyds of London and Certain Other British Insurance Companies" as the Protecting and Indemnity (P. & I.) insurers of Ocean Protein, Inc.'s fishing vessels. This third party defendant answered in the name of the lead underwriter, Kenneth Leslie Symes, but will be referred to here as P. & I. Employers Liability alleged that P. & I. afforded primary or co-insurance with respect to the claim of plaintiff Voisin.

P. & I. filed a counterclaim against Employers Liability and a third-party action against what was believed to be Employers Liability's excess insurers, also named as "Certain Underwriters at Lloyds and Certain British Insurance Companies". This last third-party defendant will be referred to as Excess.

Employers Liability and P. & I. settled plaintiff's claim, reserving all rights, and have filed a joint stipulation with the court outlining the nature of Ocean Protein's business, the circumstances out of which this suit arose, and attaching the relevant policies.

Ocean Protein, Inc. has a fleet of vessels which catch menhaden fish which are brought to Ocean Protein's plant at Dulac, Louisiana, where the fish are processed into fishmeal and fish oil. Plaintiff Voisin, an employee of Ocean Protein, was a net mender who worked primarily ashore but also mended the boats' nets on his employer's boats when they were at the dock.

While mending a net aboard the F/V RACHEL BURTON, Voisin slipped on something on the deck and injured his knee. He brought this suit against his employer, the owner of the RACHEL BURTON, under the warranty of seaworthiness afforded maritime workers who further the objective of the vessel upon which they are working, although not crewmembers of the vessel.

Until a few years ago the law was clear that an employer's sole liability to a maritime non-crewmember employee injured aboard a vessel in navigable waters, was payment under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, 905, which provided, "The liability of an employer prescribed in Section 904 (longshoremen's compensation) of this title shall be exclusive and in place of all other liability of such employer to the employee * * * ".

On the basis of the quoted Act, Voisin's sole remedy would have been longshoremen's compensation under coverage afforded by the compensation portion of Argonaut's Workmen's Compensation and Employers' Liability Policy. However, in 1963 the United States Supreme Court held in Reed v. S/S YAKA[1] that longshoremen's compensation was not the exclusive liability of the employer where the employer was also the owner of the vessel on which the employee was injured as a result of unseaworthiness.

As a result, the precise areas of coverage provided in the Employers' Liability policy on the one hand and the P. & I. policy on the other, come into conflict. Employers Liability's policy provided coverage for compensation and personal injury liability to employees and P. & I. contemplated liability coverage for injury to seamen-crewmembers or third persons, but neither contemplated damage liability to an employee who comes within the scope of the Longshoremen's Compensation Act.

Plaintiff, while apparently entitled to the warranty of seaworthiness,[2] is not a master or member of the crew of the vessel (Jones Act seaman) so that those endorsements and exclusions in the policies pertaining to "masters or members of the crews of vessels" do not apply to the issues at hand. To further complicate the matter, both policies contain "other insurance" clauses which attempt to avoid or limit coverage where other insurance applies. Thus the issues before the court are:

(1) Does Argonaut's Standard Workmen's Compensation and Employers' Liability Policy afford sole or primary coverage?

(2) Does Underwriters at Lloyds P. & I. Policy afford sole or primary coverage?

(3) Do Employers' Liability and P. & I. afford co-insurance?

(4) If the policies afford co-insurance, should the stipulated liability ($45,000) be shared equally by Employers' Liability and P. & I., or on some other basis?

The language of the Employers' Liability Policy clearly covers the present claim. The Employers' Liability Policy provides on the first page, Coverage A, that it shall pay "all compensation and other benefits required of the insured by the workmen's compensation law." Coverage B of the same policy undertakes "to pay on behalf of the insured all sums which the insured shall become

---

1. 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963).

2. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, 1946 A.M.C. 698 (1946).

legally obligated to pay as damages because of bodily injury by accident or disease * * * by any employee of the insured arising out of and in the course of his employment * * * " Voisin was not a master or member of the crew, so the exclusions do not apply.

The court in Brickley v. Offshore Shipyard, Inc., 270 F.Supp. 985 (E.D. La.1965), interpreted a similar Workmen's Compensation and Employers' Liability Policy. It held that Coverage B as quoted above specifically applies to personal injury claims by an employee against his employer. The court stated,

"Coverage under that wording encompasses any accident sustained by an employee of the insured which arose out of and in the course of his employment. The legal theory under which such an employee might institute suit is totally irrelevant under the terms of the policy. The only requirement for coverage is that the injury be sustained by the employee during his employment."

 The Brickley case was similar to ours in that plaintiff was injured aboard his employer's barge and sued under the Jones Act (master or member of the crew) but alternatively claimed under the warranty of seaworthiness, as in the instant case. The court pointed out that while the Jones Act claim might be excluded under the terms of the policy, if there was a cause of action for breach of the warranty of seaworthiness under Seas Shipping Co. v. Sieracki, supra, and Reed v. YAKA, supra, the policy specifically afforded coverage in respect of an employee's injuries irrespective of the fact that plaintiff had accepted longshoremen's compensation payments and initially alleged an excluded Jones Act cause. There can be no question then but that the Employers' Liability policy covers the present claim.

 The P. & I. insurance also covers this claim. The language at page 5 of the P. & I. policy indicates that coverage is afforded for

"Liability for loss of, or personal injury to or illness of, any person, excluding, however, unless otherwise agreed by endorsement hereon, liability under any Compensation Act to any employee of the Assured (other than a seaman) * * * "

The exclusionary phrase is inapplicable because the claim asserted by the employee arose not under any compensation act, but under the general maritime law pertaining to unseaworthiness, a decisional body of law which cannot be interpreted as a "Compensation Act" within the meaning of the exclusionary phrase. Thus the language of the P. & I. policy clearly extends coverage to the case in question.

Brickley is authority only for the proposition that Employers' Liability does cover claims such as that before the court. Neither Brickley nor any other case found, stands for the proposition that P. & I. insurance does not cover claims such as that brought by the employee in this case. The language of the policy itself clearly does afford coverage.

Since Employers' Liability and P. & I. insurance both cover employee's claims, it must be determined which, if either, is primarily liable.

P. & I. insurers contend that the P. & I. policy is general in nature whereas the Employers' Liability policy specifically covers an employer's liability to his employee, and that therefore, Employers' Liability is primary insurance. Employers' Liability insurers on the other hand maintain that the duty arises from the insured's character as a shipowner rather than his character as an employer and that, therefore, the P. & I. policy which specifically covers the insured's liability as shipowner provides primary insurance.

It is the opinion of the court that there is no sound basis for holding the coverage of either insurer in this case to be primary, and the other secondary, Although neither policy contemplated this type of claim, both policies clearly

and specifically cover it, and the coverage of each is equally specific.

■ The insurers are therefore co-insurers. In order to determine their respective liability, reference must be had to the "other insurance" clauses contained in their policies.

The P. & I. policy has an "other insurance" clause which provides as follows:

> "Provided that where the assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the assurer, under this policy, there shall be no contribution by the assurer on the basis of double insurance or otherwise."

This is known as an "escape clause". It seeks to absolve the P. & I. insurer completely where there is other valid and collectable insurance. The Employers' Liability "other insurance" clause is a "pro rata" provision, which seeks to limit liability in the event of a claim which is covered by other insurance to a reduced proportion of the loss. Where the loss is within the policy limits, as here, the policy would contribute equally with the other (P. & I.) insurance. Employers' Liability "other insurance" clause reads in part:

> "The Company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable."

Such "other insurance" clauses are sometimes given effect and sometimes held mutually repugnant and disregarded, depending on the circumstances of the particular case.

The only maritime case on this point is Keys Engineering Co. v. Boston Ins. Co., 192 F.Supp. 574 (S.D.Fla.1961). An Employers' Liability Policy, with an "other insurance" clause essentially similar to that contained in the Employers' Liability Policy before us now, was in conflict with a P. & I. Policy containing an "other insurance" clause essentially similar to that contained in the P. & I. Policy here. In that case, the court upheld the pro rata clause of Employers' Liability and disregarded the escape clause of the P. & I. Policy, with the result that Employers' Liability was held liable for an amount prorated not on the basis of policy limits but on the basis of liability assuming no other insurance. The court in *Keys* appears to have reached a correct result under the facts of that case but it is not clear by what reasoning the excess clause was disregarded, while the pro rata clause was given effect.

In Graves v. Traders and General Insurance Co., 200 So.2d 67 (La.App. 3rd Cir. 1967), a Louisiana court discussed at length the problems inherent in multiple coverage of the same claim. The court quoting from Oregon Automobile Insurance Co. v. United States Fidelity and Guaranty Co., 195 F.2d 958 (9th Cir.) states:

> " 'The "other insurance" clauses of all policies are but methods used by insurers to limit their liability, whether using language that relieves them from all liability (usually referred to as an 'escape clause') or that used by St. Paul (usually referred to as an 'excess clause') or that used by Oregon (usually referred to as a 'pro rata clause'). In our opinion, whether one policy uses one clause or another, when any come in conflict with the "other insurance" clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto. See Minnesota Law Review, supra.' " [38 Minn.L.Rev. 838, Automobile Liability Insurance—Effect of Double Coverage and "Other Insurance" Clauses.]

■ Although it is an automobile rather than a maritime insurance case, *Graves*, quoting *Oregon* appears to present the reasoning which is most properly applicable to the coverage problem before us in this case. Therefore we adopt its reasoning and hold that

both "other insurance" clauses are mutually repugnant and are to be disregarded in toto.

Since Employers' Liability and P. & I. are co-insurers, and since the stipulated liability is within the policy limits of both policies, each shall share equally in its satisfaction.

Judgment is hereby ordered in favor of Employers' Liability in the amount of $2,500.00.