**Kelton RIVET, Plaintiff,**

v.

**EAST POINT MARINE CORP. and American Commercial Barge Lines, Inc., Defendants and Third-Party Plaintiffs,**

v.

**ALABAMA STATE DOCKS DEPARTMENT, a corporation, et al., Third-Party Defendant.**
**Civ. A. No. 5920-70-T.**

United States District Court,
S. D. Alabama, S. D.
March 31, 1971.

Peter J. Abadie Jr., New Orleans, La., for plaintiff.

Allen Clay Rankin III and Alex F. Lankford, III, Mobile, Ala., for East Point Marine Corp.

George F. Wood, Mobile, Ala., for Self Towing Co., Inc.

MacDonald Gallion, Atty. Gen. of the State of Ala., Montgomery, Ala., Mylan R. Engel, Special Asst. Atty. Gen., Mitchell G. Lattof, Mobile, Ala., for Sovereign State of Ala.

Broox G. Holmes and T. K. Jackson, III, Mobile, Ala., for American Commercial Barge Lines, Inc.

Emmett R. Cox, Mobile, Ala., George A. Frilot III and William E. O'Neil, New Orleans, La., for Federal Barge Lines, Inc.

Robert F. Adams, Mobile, Ala., for Glens Falls Ins. Co.

DANIEL HOLCOMBE THOMAS, Chief Judge.

This matter comes on to be heard on the following motions:

1. Motion to dismiss East Point Marine Corporation's third-party complaint against the Barge ACBL 2643 filed by American Commercial Barge Lines, Inc. on October 21, 1970; taken under submission after argument on November 27, 1970.

2. Motion to dismiss cross-claim of Federal Barge Lines, Inc. filed by the Docks on December 2, 1970; taken under submission on briefs on December 18, 1970.

3. Motion for reconsideration of the Court's ruling of August 14, 1970, granting the State of Alabama's motion to dismiss the third-party complaint of American Commercial Barge Lines, Inc. filed on December 22, 1970; taken under submission on briefs on January 15, 1971.

4. Motion for reconsideration of the Court's ruling of August 14, 1970, granting the State of Alabama's motion to dismiss the third-party complaint of East Point Marine Corporation filed on January 4, 1971; taken under submission on briefs on January 15, 1971.

The legal issues presented by Motions 2, 3, and 4, is whether the State of Alabama waives its defense of sovereign immunity when the Alabama State Docks acts as a stevedore.

There are three main cases on this subject—two of which involve the State Docks: Parden v. Terminal Railway of Alabama State Docks Department, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Centraal Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Department, 415 F.2d 452 (5th Cir. 1969); Chesapeake Bay Bridge and Tunnel District v. Lauritzen, 404 F.2d 1001 (4th Cir. 1968).

The *Parden* case, supra, was a personal injury suit under FELA by an employee against the Terminal Railway of the Alabama State Docks Department. The Court held that when a "State's consent to suit is alleged to arise from an act not wholly within its own sphere of authority but within a sphere * * * subject to the constitutional power of the Federal Government, the question whether the State's act constitutes the alleged consent is one of federal law." The Court, after concluding that the Docks was indisputably a common carrier by railroad engaging in interstate commerce, ruled that "when a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, its subjects itself to that regulation as fully as if it were a private person or corporation."

In *Centraal Stikstof Verkoopkantoor* (C.S.V.), supra, a case where the Alabama State Docks, acting as a public warehouseman, again claimed sovereign immunity, the Fifth Circuit decided that Alabama did not consent to suit. The Court stated that the essential issue before the Court was whether the Docks as a warehouseman had entered into a federally regulated sphere in which a federal remedy was available. It answered that question in the negative because there was no federal remedy available even in absence of the immunity issue.

In *Lauritzen*, supra, the Fourth Circuit said 28 U.S.C. § 1333 allows causes of actions involving activities in and upon the navigable waterways of the Nation to be adjudicated in admiralty and is a congressional regulation as contemplated by *Parden*. In *Lauritzen*, a shipowner sued a state agency for damages sustained when the ship struck a submerged, hurricane-damaged tower in navigable waters. The Court held that a suit under § 1333 could be brought against the State of Virginia because her entry into interstate and foreign commerce—an exclusive federal province—amounted to a waiver of sovereign immunity.

The plaintiff in the case at bar, a seaman, brought this action under the Jones Act. The facts giving rise to this cause of action, briefly stated, are as follows: Rivet was employed aboard a tug that had contracted to move a barge from Mobile to New Orleans. Rivet boarded the barge in order to hook up the tow lines, but prior to completing the task fell through an uncovered hatch opening. The Docks had unloaded the barge earlier, and it was to be taken light to New Orleans. Three of the parties to this suit, Rivet's employer, the barge owner and the owner of the fleeting area where the barge was moored, claim that the Docks, acting as stevedore, committed a maritime tort on navigable waters by failing to close the hatch.

█ The question then before the Court is whether the Docks, as a stevedore, entered into a federally regulated sphere in which a federal remedy was available. That is the identical question the Fifth Circuit posed in C.S.V. when faced with the Docks' claim of sovereign immunity as a warehouseman. In *C.S.V.*, the Court looked to the statutes alleged in the complaint. In *C.S.V.*, the statutes would not have authorized recovery, but here the Jones Act clearly provides a federal remedy and the above question must be answered in the affirmative. Therefore, in view of the three cases cited above, the State of Alabama waives its claim of sovereign immunity when the State Docks Department acts as a stevedore.

██ In Motion No. 1, the defendant, American Commercial Barge Lines,

owner of the Barge ACBL 2643, moves to dismiss East Point Marine Corporation's third-party complaint against the Barge ACBL 2643. East Point filed this third-party complaint, apparently as a reflex action, alleging that the barge breached its warranty of seaworthiness which was the proximate cause of the plaintiff's accident. The alleged breach was the open hatch. A barge does owe its towing tug a warranty of seaworthiness but that warranty is only that it will withstand the perils of the sea. It bears no similarity to that warranty owed a seaman by a vessel. Hart v. Blakemore, 410 F. 2d 218 (5th Cir. 1969). Therefore, it is impossible for East Point to be awarded indemnity for any damages which East Point may be ordered to pay to the plaintiff by virtue of the barge's breach of its implied warranty of seaworthiness to the towing tug.

In consideration of the above opinion, it is Ordered, Adjudged and Decreed that the motion to dismiss East Point Corporation's third-party complaint against the Barge ACBL should be and is hereby Granted.

It is Further Ordered that the motion to dismiss the cross-claim of Federal Barge Lines, Inc. against the Alabama State Docks should be and is hereby Denied.

It is Further Ordered that the two motions for reconsideration of the Court's ruling of August 14, 1970, should be and are hereby Granted. Accordingly, the Court's rulings of August 14, 1970, granting the Motion to Quash Return of Service of Summons or to dismiss third-party complaint of American Commercial Barge Lines, Inc., and the motion to Quash Return of Service of Summons or to Dismiss Third-Party Complaint of East Point Marine Corporation are hereby Vacated.

It is Further Ordered that both of the above motions to Quash Return of Service of Summons or to Dismiss Third-Party Complaint should be and are hereby Denied.