**Elmore BENNIEFIELD, Plaintiff,**

v.

**VALLEY BARGE LINES, Defendant,**

v.

**ALABAMA STATE DOCKS DEPART-MENT, Third-Party Defendant.**

**Civ. A. No. 78–375–T.**

United States District Court,
S. D. Alabama, S. D.

May 17, 1979.

---

Ross Diamond, III, Mobile, Ala., for plaintiff Elmore Benniefield.

Rae Crowe and Donald C. Radcliff, Mobile, Ala., for defendant Valley Line Co.

Alton R. Brown, Jr., and James H. Crosby, Mobile, Ala., for third-party defendant Aetna C&S.

Daniel A. Pike, Mobile, Ala., for third-party defendant Alabama State Docks.

## ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

Plaintiff, a longshoreman employed by the Alabama State Docks (ASD), brought this action against the Valley Line Company alleging that he sustained certain personal injuries while working aboard a Valley Line barge which was in the exclusive custody and possession of the State Docks. Valley Line impleaded the Alabama State Docks and its insurer, Aetna Casualty & Surety Insurance Co. (Aetna). ASD filed a

motion to dismiss the third-party complaint on the grounds of sovereign immunity and Aetna filed a motion for summary judgment based on certain exclusions in the policy covering the ASD.

## SOVEREIGN IMMUNITY

■ The Code of Alabama provides that the "Alabama State Docks Department shall be the agency of the state through which the state shall accomplish the maintenance and operation of all the improvements and facilities authorized [by the legislature]" *Ala.Code* § 33–1–2. Accordingly, there is little doubt that the ASD is sufficiently identical with the State of Alabama to be protected by the Eleventh Amendment from suit in federal court unless the state has consented to suit.

■ Consent to waive sovereign immunity can be either expressed or implied.

In reviewing the constitutional and statutory provisions of Alabama, this Court finds no statement which would constitute a waiver of sovereign immunity in this context. Thus, if any waiver of Eleventh Amendment immunity exists, it must be implied.

The two leading cases in this area are *Parden v. Terminal Ry. Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) and *Employees v. Department of Public Welfare Dept. of Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). *Parden* involved the question of whether the State of Alabama had impliedly waived its Eleventh Amendment immunity and subjected itself to private suits under the FELA by operating a for-profit railroad in the area of the State Docks at Mobile, Alabama. In holding that the State of Alabama had impliedly waived its sovereign immunity, the Supreme Court concluded that:

When a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, it subjects itself to that regulation as fully as if it were a private person or corporation. 377 U.S. at 196, 84 S.Ct. at 1215.

A number of decisions following *Parden* used this language to hold that mere entry of a state into an area subject to Congressional regulations operates as an implied waiver of a state's Eleventh Amendment immunity. *Rivet v. East Point Marine Corp.*, 325 F.Supp. 1265 (S.D.Ala.1971); *Lauritzen v. Chesapeake Bay Bridge and Tunnel District*, 259 F.Supp. 633, aff'd in part, rev'd in part, 404 F.2d 1001 (4th Cir. 1968). The Court in *Lauritzen*, while noting the distinctions between the facts before it and those of *Parden*, concluded that merely by entering into the realm of interstate commerce and navigation the political subdivision or agency of that state would be deemed to have waived its Eleventh Amendment immunity.

The *Lauritzen* decision has not been followed by other circuits including the Fifth Circuit. *Williamson Towing Co., Inc. v. State of Illinois*, 534 F.2d 758 (7th Cir. 1976); *Intracoastal Transportation, Inc. v. Decatur County, Ga.*, 482 F.2d 361 (5th Cir. 1973); *Red Star Towing and Transportation Co. v. Department of Transportation of New Jersey*, 423 F.2d 104 (3rd Cir. 1970).

The Supreme Court in *Employees*, supra, showed that the *Lauritzen* Court's reading of *Parden* was in error. In *Employees*, the Court said that:

[W]e decline to extend *Parden* to cover every exercise by Congress of its commerce power, *where the purpose* of Congress to give force to the Supremacy Clause by lifting the sovereignty of the States and putting the States on the same footing as other employers *is not clear.* (Emphasis added) 411 U.S. at 286–87, 93 S.Ct. at 1619.

After *Employees* was decided, the Fifth Circuit had an opportunity to analyze both the *Parden* and *Employees* decisions. *Intracoastal Transportation, Inc. v. Decatur Co., Ga.*, supra, the Fifth Circuit found that:

the *Employees* decision added an additional requirement to the *Parden* test . . . . It is no longer sufficient merely to show that a State has entered [into] a federally regulated sphere of activity

and that a private cause of action is created for violating the applicable federal provision, but in addition the private litigant must show that Congress expressly provided that the private remedy is applicable to the States. 482 F.2d at 365. (footnote omitted)

■ Applying this test set forth by the Fifth Circuit to the general maritime causes of action brought against ASD, it is clear that there has been no implied waiver of sovereign immunity and, thus, the cause of action against ASD is due to be dismissed.[1]

### INSURANCE COVERAGE

Although ASD is immune from civil action in this case, the Alabama Legislature, in an attempt to ameliorate the hardships and inequities caused by the sovereign immunity defense, provided for a direct right of action against the insurance carrier (Aetna) for the enforcement of any claims or causes of action. *Ala.Code* Tit. 33, § 33-1-25 (1975).

However, Aetna contends that provisions in the insurance policy issued to the ASD exclude from coverage Valley Line's indemnity claim. Specifically, the exclusions relied upon by Aetna apply to the Comprehensive General Liability Policy (GCL) and are as follows:

This insurance does not apply:

(J) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, *or to any obligation of the insured to indemnify another because of damages arising out of such injury,* but this exclusion does not apply to liability assumed by the insured under an incidental contract.

(E) [as amended]

(1) to bodily injury arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft,
. . . . .

Valley Line argues that Aetna's reliance on exclusion E, as amended, is unfounded because the third party complaint does not merely demand judgment against Aetna in favor of plaintiff but rather seeks indemnity and other fees based on a breach of the ASD implied warranty of workmanlike performance owed to Valley Line. While this may be true, exclusion (J), supra, specifically excludes "any obligation of the insured to indemnify another because of damages arising out of [bodily injury to any employee of the insured]". However, this exclusion, by its own terms "does not apply to liability assumed by the insured under an incidental contract." Valley Line contends that since the warranty of workmanlike performance is an implied warranty incidental to the contract under which the ASD performed the work aboard the Valley Line barge, Exclusion (J) would not apply to the third party action against ASD and Aetna. This Court does not agree. An "Incidental Contract" as defined in the policy

means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetract agreement, or (5) elevator maintenance agreement;

Accordingly, under the CGL policy the Court concludes that the exclusions cited above exclude coverage to the ASD for the injury alleged to have been received by the plaintiff.

■ However, the insurance coverage of the ASD is a conglomerate of various types of insurance, including the CGL, automobile insurance, Nuclear Energy Liability, and Workmen's Compensation and Employers' Liability insurance. It is the Workmen's Compensation policy which this Court is most interested in. Under the terms of that policy (Coverage B) Aetna is obligated

---

1. Valley relies heavily on an earlier decision of this Court which relied on *Lauritzen. Rivet v. East Point Marine Corp.*, 325 F.Supp. 1265 (S.D.Ala.1971) To the extent the *Rivet* case is inconsistent with this opinion it is hereby overruled.

**318**

to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident . . . . sustained in the United States of America . . . by any employee of the insured arising out of and in the course of his employment.

The Court notes that this particular policy does not apply

> to liability assumed by the insured under any contract or agreement, but his exclusion *does not apply to a warranty that work performed by or on behalf of the insured will be done in a workmanlike manner.*

While the CGL policy does not provide coverage the Court finds coverage for the injury alleged to have been received by the plaintiff under the Workmen's Compensation policy. Since both Workmen's Compensation and employer's general liability coverage may apply to the same injury, *Standard Dry Kiln Co. v. Bituminous Fire & Marine Ins. Co.*, 479 F.2d 427 (9th Cir. 1973) and since the Workmen's Compensation policy provides coverage, Aetna's motion for summary judgment should be and hereby is DENIED. See *Garcia v. Queen, Ltd.*, 487 F.2d 625 (5th Cir. 1973); *Voisin v. Ocean Protein, Inc.*, 321 F.Supp. 173 (E.D. La.1970); *Brickley v. Offshore Shipyard, Inc.*, 270 F.Supp. 985 (E.D.La.1967); *Keys Engineering Co. v. Boston Insurance Co.*, 192 F.Supp. 574 (S.D.Fla.1961).

It is therefore ORDERED, ADJUDGED and DECREED that ASD's motion to dismiss is hereby GRANTED and Aetna's motion for summary judgment is DENIED.