Billy Ray **LAYTON**

v.

**LAND AND MARINE APPLICATORS, INC.**

**Civ. A. No. 79–4601.**

United States District Court,
E. D. Louisiana.

Sept. 22, 1981.

Donald G. Cave, Cave & McKay, Baton Rouge, La., for plaintiff.

Thomas J. Grace, Courtenay, Forstall & Grace, New Orleans, La., for Land and Marine Applicators, Inc. and Mission Ins. Co.

Richard A. Chopin, Hailey, McNamara, McNamara & Hall, Metairie, La., for Aetna Cas. & Sur. Co.

## MEMORANDUM OPINION AND ORDER

EDWARD J. BOYLE, Sr., District Judge:

Billy Ray Layton brings this action against Land & Marine Applicators, Inc. (Defendant) for injuries allegedly received while he was in the employ of Land & Marine Applicators, Inc. as a member of the crew of the vessel M/V MR. RED II. Land & Marine's workmen's compensation and employer's liability insurer, Aetna Casualty & Surety Co., denied coverage for and refused to defend against Layton's claim. Land & Marine filed a third-party complaint against Aetna for reimbursement and indemnification in the event it should be held liable on the claim. Aetna then agreed to provide defense and coverage and Land & Marine voluntarily dismissed its third-party complaint. Thereafter, Aetna again denied coverage to Land & Marine and the dismissal of the third-party complaint was set aside. Aetna then filed a third-party complaint against Mission Insurance Co., Land & Marine's Protection & Indemnity insurer, for reimbursement and indemnification in full or, in the alternative, in part, for any sums it should become obligated to pay to the plaintiff or Land & Marine.

In the interim, the plaintiff amended his complaint to name Aetna and Mission as additional defendants. Mission, however, was dismissed voluntarily after it agreed to undertake defense of the suit on behalf of Land & Marine. Land & Marine and Mission thereafter moved this court for summary judgment against Aetna on the issue of insurance policy coverage. Following oral argument, we took the motion under submission.

Land & Marine contends it is entitled to defense and coverage up to $500,000.00 on plaintiff's claim under the Workmen's Compensation and Employer's Liability Policy, No. 94 C 54167 CAA, issued to it by Aetna, plus all costs and attorney's fees. Mission contends that by virtue of the "other insurance" clause in its Protection and Indemnity Policy, No. BH 12044, issued to Land & Marine, it is only liable for defense and coverage as an excess insurer.

Aetna refutes the contentions of Land & Marine and Mission arguing it is not liable to Land & Marine by virtue of the Exclusion of Maritime Liability Endorsement to its policy. In the alternative, if the policy is

held to cover plaintiff's claim, Aetna contends defense and liability are to be shared pro rata with Mission pursuant to the "other insurance" clause in Aetna's policy.

■ Louisiana law governs the resolution of these issues of insurance contract interpretation. The policies were issued or delivered in Louisiana and Louisiana is the only state with a substantial interest in the controversy. LSA–CC Article 10; *Walter v. Marine Office of America*, 537 F.2d 89, 94, *reh. den.*, 542 F.2d 1174 (5th Cir. 1976); *Wickham v. Prudential Insurance Co. of America*, 366 So.2d 951, 954 (La.App. 1st Cir. 1978).

Aetna is obligated by the terms of its Employer's Liability Policy to defend Land & Marine against the claim of plaintiff, Billy Ray Layton. The policy contains a defense clause obligating Aetna to defend "any suit against the insured alleging [bodily injury by accident or disease] and seeking damages on account thereof, even if such . . . suit is groundless, false or fraudulent." Policy No. 94 C 54167 CAA, Insuring Agreements §§ I, II. The duty to defend is not, however, absolute, and whether Aetna must proffer a defense in a particular case depends upon the allegations in the plaintiff's complaint. *American Home Assurance Co. v. Czarniecki*, 255 La. 251, 230 So.2d 253, 259 (1969). If upon examination of the complaint, under the assumption that all the allegations contained therein are true, there appears to be coverage under the policy and liability on the part of Land & Marine to the plaintiff, Aetna is obligated to defend regardless of the outcome of the case. Only if the policy unambiguously excludes coverage does Aetna not owe a duty to defend. *West Bros. of DeRidder, Louisiana, Inc. v. Morgan Roofing Co., Inc.*, 376 So.2d 345, 348 (La.App. 3rd Cir. 1979). To determine whether a complaint unambiguously excludes coverage, however, it is necessary to look to the exclusionary language of the policy itself. *Michel v. Ryan*, 373 So.2d 985, 988 (La.App. 3rd Cir. 1979). The policy should be construed in such a manner

as to give effect to every provision and condition, if possible. *Hemel v. State Farm Mut. Auto. Ins. Co.*, 211 La. 95, 29 So.2d 483, 485 (1947).

Layton is seeking to recover under the Jones Act, 46 USC § 688, and general maritime law for an alleged injury sustained aboard the M/V MR. RED II, a vessel owned by Land & Marine. He contends that at the time of his injury he was in the employ of Land & Marine as "a member of the crew of the vessel." Aetna argues that Layton's allegation brings him within the Exclusion of Maritime Liability Endorsement and, thus, outside of the policy's coverage which insures Land & Marine against "all sums [it] becomes legally obligated to pay because of bodily injury sustained by an employee." Policy No. 94 C 54167 CAA, Insuring Agreements § I–Coverage B and Endorsement WC91 015–2.

The endorsement reads "this policy does not apply to injury . . . sustained by: a master or member of the crew of any vessel, *but this exclusion does not apply to any person employed by the insured in any classification designated* below: Classification *1.5474F. . . .*" Policy No. 94 C 54167 CAA, Endorsement SC91 015–2. (Emphasis added.) The language is unambiguous. The endorsement excludes coverage for crew members but it removes from the exclusion and, hence, brings within the policy coverage one actually employed in the 5474F classification but considered a crew member for other purposes. It is not disputed by Aetna, Land & Marine or Layton that he, Layton, is formally employed by Land & Marine as a mechanic's helper, a job falling within the 5474F, or "Painting or Paper Hanging NOC & Drivers, U.S.L.S. & H.W.," classification of the policy. Record Doc. 17 at 17–23, Doc. 38, Statement of Undisputed Facts, No. 6, and Doc. 39, Response to Statement of Material Facts, No. 6; Policy No. 94 C 54167 CAA, Declarations § 4. Therefore, the policy covers Layton if he is adjudged a crew member of a vessel[1] and

---

1. The National Council on Compensation Insurance, of which Aetna is a member, was the drafter and sponsor of the Exclusion of Maritime Liability Endorsement here in question.

Aetna owes a defense to Land & Marine.[2]

■ Although the P & I policy issued to Land & Marine by Mission Insurance Co. also covers Layton's claim, Mission is not obligated to share defense of and liability for the claim with Aetna. The Mission policy contains an "escape clause"[3] which provides:

> Where the assured is, irrespective of this policy, covered or protected against any loss or claim which would otherwise have been paid by this Company, under this policy, there shall be no contribution or participation by this Company on the basis of excess, contributing, deficiency, concurrent, or double insurance or otherwise. Policy No. BH 12044, lines 103–105.

*Viger v. Geophysical Services, Inc.,* 338 F.Supp. 808, 811–812 (W.D.La.1972), *aff'd,* 476 F.2d 1288 (1973). The Aetna policy, on the other hand, contains a "pro rata clause" which reads:

> If the insured has other insurance against a loss covered by this policy, the Company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each oth-

er policy applicable to such loss, had each such policy been the only policy so applicable. Policy No. 94 C 54167 CAA, Conditions § 10.

*Blanchard v. Rodrigue,* 340 So.2d 1001, 1007 and n.1 (La.App. 1st Cir. 1976); *Viger,* supra. Full effect should be given to both of these clauses if possible. Where, however, as here, the two are irreconcilable, a determination must be made as to which clause, if either, should be given effect.

The Louisiana courts have not addressed this precise conflict between an escape clause and a pro rata clause. When confronted with a conflict between two policies, each containing an excess clause or one containing an excess clause and one an escape clause, the Louisiana courts have held the two conflicting clauses to be mutually repugnant and ineffective. *Graves v. Traders & General Ins. Co.,* 252 La. 709, 214 So.2d 116, 118 (1968); *Blanchard,* supra at 1008. "[I]f the provisions of both policies [were] given effect, neither insurer would be liable. Such a result would render all insurance nugatory and produce an absurdity which neither the insured nor the insurers contemplated." *Graves,* supra. The courts have not, however, followed this approach when confronted with the case of a conflict between an excess clause and a pro rata clause. In such instances, they have

---

Record Docs. 38, 39. The Council distributed a circular to members and subscribers, dated July 12, 1974, explaining the endorsement which was to be included as a standard policy form endorsement.

> "The endorsement, as now revised, clearly includes employees working in offshore operations not classified as masters or members of a crew of a vessel, when they are adjudged by the courts to be masters or crew members and entitled to remedies under Admiralty Law. The Exclusion of Maritime Liability Endorsement was intended to only exclude per se masters and crew members, not employees adjudicated to be crew members by the court."

This same interpretation was filed with the Insurance Commissioner for the State of Louisiana prior to the state's approval of the endorsement. Letter to the Hon. Sherman A. Bernard, dated June 10, 1974.

2. The existence of any defenses available to Land & Marine and Aetna arising from plain-

tiff's formal employment status does not affect the determination of the issue of insurance coverage presently before us.

3. Mission, in its motion for summary judgment and memorandum in support thereof, asserts that its policy provides excess coverage only and that "Aetna must exhaust its policy limits before the Mission policy will respond." Record Doc. 29, Memorandum in Support of Motion for Summary Judgment on Insurance Coverage. The language of the "other insurance" clause in the Mission policy, however, is not that of an "excess" clause but of an "escape" clause which relieves Mission of all liability in the event "other insurance," within the meaning of the clause, exists. Policy No. BH 12044, lines 103–105; *Graves v. Traders & General Ins. Co.,* 252 La. 709, 214 So.2d 116, 117 (La. 1968); *Viger v. Geophysical Services, Inc.,* 338 F.Supp. 808, 811–812 (W.D.La.1972), *aff'd,* 476 F.2d 1288 (1973).

systematically given effect to the excess clause, thereby leaving the insurer on the policy containing the pro rata clause primarily responsible for the claim. *Juan v. Harris,* 279 So.2d 187, 189–190 (La.1973); *O'Brien v. Traders & General Ins. Co.,* 136 So.2d 852, 865 (La.App. 1st Cir. 1961).

The reason for this difference in approach is that in the case where two policies cover the same claim but a conflict exists between an excess clause in one and a pro rata clause in the second, the insured will not be left without coverage if effect is given to the excess clause. By giving effect to the excess clause, that policy becomes excess insurance and not "other insurance against a loss covered by this policy" as used in the pro rata clause of the second policy which would trigger application of that pro rata clause. *Viger,* supra at 812. The second policy, therefore, becomes the primary insurance covering the claim.

Aetna relies heavily on the district court's ruling in *Voisin v. Ocean Proteins, Inc.,* 321 F.Supp. 173, 177 (E.D.La.1970), a case factually similar to the case now before us, to argue that the escape clause in the Mission policy and the pro rata clause in the Aetna policy should be disregarded and the two insurers should be required to share equally the defense of and liability for plaintiff's claim. In *Voisin,* the court held an escape clause and a pro rata clause found in two separate policies mutually repugnant and ineffective and the two insurers equally responsible for the insured's loss. The *Voisin* court relied on *Graves* to reach its holding, which reliance was, however, misplaced. At issue in *Graves* was the conflict between two excess clauses, not between an escape and a pro rata clause.

As discussed above, the court in *Graves* held the two clauses ineffective because giving effect to one or both clauses would have left the insured without coverage. In the case before the court in *Voisin,* as in the analogous case of an excess-pro rata conflict, the possibility of no coverage did not exist. If effect had been given to the escape clause, the policy containing the pro rata clause would have been held primarily liable on the claim. *Juan,* supra; *O'Brien,* supra.

The district court in *Viger,* supra, a case relied on by Land & Marine, did employ the reasoning used in the case of an excess-pro rata conflict, without citation to the Louisiana courts. *Viger* too involved a conflict between a pro rata and an escape clause, but, instead of disregarding the two clauses, the court gave effect to the escape clause, leaving the pro rata clause policy insurer primarily liable.

Following the reasoning suggested by the Louisiana courts, the motion of defendants Land & Marine Applicators, Inc. and Mission Insurance Co. is GRANTED; Mission is relieved of all responsibility to Land & Marine for defense or coverage of Layton's claim and Aetna remains primarily responsible to Land & Marine for defense and coverage of the claim.